500 So.2d 371 (1987)
Micheal DISOTELL
v.
WADSWORTH GOLF CONSTRUCTION COMPANY OF the SOUTHWEST, et al.
No. 86-CC-0791.
Supreme Court of Louisiana.
January 12, 1987.
Rehearing Denied February 12, 1987.
*372 Felix A. DeJean, III, Thomas DeJean, Opelousas, for applicant.
Charles J. Foret, Jeansonne & Briney, Lafayette, for respondent.
DENNIS, Justice.[*]
The question presented is whether a worker's acceptance of a worker's compensation award recommended by the Office of Worker's Compensation Administration prevents him from later seeking a modification of that award. The trial court overruled an exception of res judicata filed by the employer's carrier and refused to dismiss the worker's suit to modify the award. But the court of appeal granted the carrier's application for a supervisory writ, treated the exception as one of no right of action, sustained the exception, and dismissed the worker's suit. We reverse and remand the case to the district court for a trial on the merits. Regardless of whether a worker accepts an award recommended by the director of the Office of Worker's Compensation under LSA R.S. 23:1310.1, the director shall review the award upon the worker's seasonable application for modification and issue a new recommendation pursuant to LSA R.S. 23:1331(C).
The plaintiff, Micheal Disotell, was injured on March 8, 1985, while working for Wadsworth Golf Construction Company. He received Worker's Compensation benefits until May 19, 1985. Wadsworth's compensation carrier, Insurance Company of North America, filed a memo of payment with the Office of Worker's Compensation. On July 18, 1985, the director of the Office of Worker's Compensation issued a recommendation that Disotell's temporary total disability did not extend past May 19, 1985. On September 20,1985, the Office of Worker's Compensation issued a certificate that the parties had received the recommendation and had not rejected it.
On December 20, 1985, Disotell filed an application to reopen or modify his award with the Office of Worker's Compensation, indicating that since May 19, 1985, his back condition had worsened and that he is incurring or will be incurring additional medical expenses past May 19, 1985. The Director of the Office of Worker's Compensation refused to consider the application to modify and addressed a letter to the parties stating that all issues had already been decided and that the finding of the recommendation of July 18, may not be reconsidered by the Office of Worker's Compensation.
Disotell filed suit in district court on February 5, 1986 alleging that he has continued to experience extreme pain requiring medical attention since the cessation of *373 compensation benefits and that he is now totally and permanently disabled. Defendants' exception of res judicata based on Disotell's failure to reject the director's recommendation of July 18, 1985 was overruled. On supervisory writ to the Court of Appeal, that court, treating the plea as an exception of no right of action, held that "[t]he plaintiff having failed to respond to the Director's recommendation within thirty (30) days is conclusively presumed to have accepted the recommendation (La.R.S. 23:1310.1), and therefore, had no right to bring this action in the district court."
In our opinion Disotell's second filing with the Office of Worker's Compensation and his suit in district court do not constitute an attempt to relitigate the initial recommendation or award. He instead seeks to modify the initial award and alleges that his incapacity and medical expenses have been subsequently increased. He clearly has the right to apply for such a modification under La.R.S. 23:1331(C) which provides:
At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
According to this provision, at any time six months after rendition of judgment, or six months after the parties have accepted the director's recommendation, the director "shall review" the judgment or recommendation and "shall issue" a new recommendation upon the application of either party. The 1983 amendments to Section 1331 deleted the requirement that a party seeking review allege that the "incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud or misrepresentation." This omission makes the precise reason for the modification request irrelevant. See W.S. Malone & H.A. Johnson, Worker's Compensation Law and Practice § 284 (2d ed. 1980 & Supp.1986).
Consequently, we conclude that the Office of Worker's Compensation and the Court of Appeal erred in treating Disotell's filing as a request for relitigation of his award rather than a request for modification. Disotell's application may have been premature because it was filed less than six months after the parties accepted the director's recommendation.[1] The Office of Worker's Compensation did not reject his application for this reason, however, and the defendants did not raise the issue of prematurity either before the agency or in the trial court. In fact, the defendants waived any dilatory exception of prematurity they may have had by their failure to file it prior to their answer. La. C.C.P. Arts. 926, 928.
The court of appeal judgment is reversed and the case is remanded to the district court for a trial on the merits.
REVERSED; REMANDED TO TRIAL COURT.
COLE, Justice concurring.
The 1983 amendments to the worker's compensation system established the Office of Worker's Compensation as the initial point in the process for resolution of compensation disputes. La.R.S. 23:1331(C) requires the office to consider all timely requests to modify a judgment of compensation by district courts or an accepted recommendation issued according to La.R.S. 23:1310.1.
This matter is now before us because the Office of Worker's Compensation refused to consider the plaintiff's request to modify the director's recommendation of July 18, *374 1985. The refusal might well have been justified for reasons of prematurity, but otherwise consideration of the request was mandated by La.R.S. 23:1331(C). The fact that the claimant was conclusively presumed to have accepted the initial recommendation made pursuant to R.S. 23:1310.1 does not bar his right to seek modification under R.S. 23:1331(C).
I concur here to emphasize the importance of encouraging parties to resolve disputes administratively. For the compensation system to properly function, injured workers must not be thwarted when they seek timely modification as allowed by statute. In this case, had the dilatory exception raising the objection of prematurity been raised in the trial court, the proper resolution would have been to remand the case to the director for administrative disposition. However, because plaintiff's request for modification was not considered and no exception urged, I agree remand to the district court for trial on the merits is appropriate.
NOTES
[*] Honorable Pike Hall, Jr., Chief Judge, Court of Appeal, Second Circuit, sitting for Justice Harry T. Lemmon.
[1] There is no mandatory duty to reopen the decree or award sooner than six months after the date thereof, LSA R.S. 23:1331(C), but there is discretionary power in exceptional circumstances to permit the reopening earlier than that period. See Wade v. Calcasieu Paper Co., 95 So.2d 725 (La.App. 1st Cir.1957); Zachary v. Bituminous Casualty Corp., 371 So.2d 1249 (La. App. 3d Cir.1979).