SEXTON, Judge.
This worker’s compensation suit brought by Donnie McConnell against his employer, Givens Timber Company, Inc., and its insurer, Protective Casualty Insurance Company, was dismissed on an exception of prematurity due to plaintiff’s failure to follow the administrative resolution procedures of the Louisiana Worker’s Compensation statutes. We reverse and remand.
Plaintiff’s petition alleges that on March 26, 1986, the plaintiff-appellant, Donnie McConnell, sustained severe injuries while operating a pulpwood loader in the course and scope of his employment with defendant, Givens Timber Company, Inc. Particularly, the plaintiff's injuries are alleged to have occurred when a sapling came up through the log loader and penetrated his leg and abdomen.
Plaintiff’s employer’s insurance carrier, Protective Casualty, voluntarily paid plaintiff benefits in the amount of $34.16 per week. These benefits were paid through May 22, 1986, in the total amount of $248.88. Termination of benefits was apparently based on a report from plaintiff’s doctor that the plaintiff was released to return to work on May 23, 1986.[1]
Approximately one month later, on June 25, 1986, plaintiff mailed a claim for compensation form to the Office of Worker’s Compensation Administration (OWCA) seeking $113.59 in benefits per week. The OWCA responded by letter on July 24, 1986, stating that a recommendation would not be issued because, “based on information submitted to this office, a bona fide dispute does not exist.” Plaintiff then in *1259 stituted this suit for benefits on September 12, 1986.
Defendants-appellees filed an Exception of Prematurity asserting that a certificate issued by the OWCA indicating a rejection of its recommendation must accompany a petition filed in a court of law. The district court sustained the defendants’ exception concluding that a certificate of recommendation by the OWCA is an absolute prerequisite to a worker’s compensation suit.
Plaintiff appeals the trial court’s maintenance of the defendants’ exception, arguing that the trial court erred in its ruling because the plaintiff had exhausted his administrative remedies and complied with the worker’s compensation statutes by filing his claim with the OWCA. He insists that statutorily, the OWCA is required to issue a recommendation but, in this case, failed to fulfill its duties in this regard. Plaintiff claims that he is thus prejudiced by the OWCA’s refusal to issue a recommendation and should be allowed to maintain his claim in the district court.
This dispute centers around the following provisions of the Louisiana worker’s compensation law:

LSA-R.S. 23:1310:

§ 1310. Initial filing of claim with office of worker’s compensation administration
A. If, at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the employee or his dependent or the employer or insurer may file a claim with the office on a form to be provided by the director.
B. In addition to any other information required by the director, the claim shall set forth the time, place, nature, and cause of the injury, the benefit in dispute, and the employee’s actual earnings, if any, at the time of the filing of the claim with the office.

LSA-R.S. 23:1310.1:

§ 1310.1. Processing of claims by office
A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceedings; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
[[Image here]]

LSA-R.S. 23:1314:

§ 1314. Necessary allegations; dismissal of premature petition
A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examina *1260 tion made by the employer’s medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.-1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeing with the hearing of the other issues involved with the claim.
We are unable to specifically discern what the OWCA meant by its letter of July 24, 1986, stating that a bona fide dispute did not exist. It can be argued that the statement indicates that the defendant notified the OWCA that it agreed with the plaintiffs contention. However, the implication of the entire letter is that further information is required for a determination, as the letter goes on to state that the issue “will be considered upon submission of supporting documentation of the bona fide dispute on a Claim for Compensation, LDOLWC 1008.”
On the other hand, the OWCA letter did not indicate what additional information was required. The letter simply referred the plaintiff to the Claim for Compensation Form 1008. The instant record indicates that the plaintiff filed the correct form with the OWCA. Additionally, exhibit P-1 herein, a copy of Form 1008 which plaintiff mailed to the OWCA on June 25, 1986, seems complete.
While we can find no cases in our jurisprudence dealing with the failure of the OWCA to issue a recommendation, we do take note of Disotell v. Wadsworth Golf Construction Company of the Southwest, 500 So.2d 371 (La.1987), which provides some guidance. In Disotell, the plaintiff’s employer voluntarily commenced payment. The director then issued a commensurate recommendation thereon and later issued a certificate that the recommendation had not been rejected. The plaintiff, Disotell, subsequently filed an application to modify or reopen his case due to the alleged worsening of his back condition and the additional attendant medical expenses.
The director refused to consider the application to modify and addressed a letter to the parties stating that all issues had already been decided and that the recommendation would not be reconsidered by the OWCA. Disotell then filed suit in district court alleging he would require further medical attention and claiming total and permanent disability.
Defendants filed an exception of res judi-cata based on Disotell’s failure to reject the director's recommendation. This exception was overruled. Supervisory writs were taken to the court of appeal which treated the plea as an exception of no right of action and held that the plaintiff’s failure to respond to the recommendation within thirty days was conclusively presumed to be an acceptance and he therefore had no right to bring an action in the district court.
The Supreme Court opined that Disotell’s second filing with the OWCA did not constitute an attempt to relitigate the initial recommendation or award. Instead, the court classified the claim as a modification of the initial award and concluded that the plaintiff clearly had the right to apply for such a modification under LSA-R.S. 23:1331 C.[2]
Thus, the Supreme Court held that the failure of OWCA to review the application and issue a new recommendation entitled the plaintiff to a cause of action. The court pointed out that the mandatory review LSA-R.S. 23:1331 C requires of the OWCA was not accomplished, noting that *1261 the section requires that the director “shall review” the judgment or recommendation and “shall issue” a new recommendation upon the application of either party.
Likewise, in the instant case, the pertinent statute contains language imposing a mandatory duty upon the OWCA. LSA-R.S. 23:1310.1 states that within thirty days of receipt of a claim, the office “shall issue” a recommendation for resolution. Thus, in the instant case, there was an administrative inadequacy similar to Disotell. Here, not only was there a failure to issue a recommendation, but the OWCA’s notice concerning its failure to render a recommendation was vague to say the least.
In this regard, we note and agree with Justice Cole’s concurrence in Disotell. He emphasized there the responsibility of the OWCA to consider all timely requests for modification and to act on those requests. Justice Cole stated that for the compensation system to properly function, it was mandatory that timely applications be disposed of adequately.
Justice Cole also was obviously concerned over the issue of prematurity and noted that had an exception of prematurity been raised in the trial court, the proper resolution thereof would have been a remand to the director for administrative disposition.[3] However, he opined that since the plaintiff’s request had not been considered, a remand to the district court for trial was the most appropriate remedy.
It is important to note that in the instant case the exception of prematurity has a different basis than the issue of prematurity as discussed in Disotell. In Disotell, the plaintiff had filed a second application before the sixth month period that Section 1331 C requires in order to seek a “modification” of a previously accepted recommendation of the OWCA. However, the defendant did not file an exception of prematurity, but filed an exception of no cause. While we do have an exception of prematurity in the instant case, that exception is not based on any asserted early filing but only attacks the plaintiff’s failure to attach the OWCA certificate of Section 1310.1 (indicating that informal attempts to resolve the case through the OWCA had failed).
As Justice Cole suggested in his Disotell concurrence, a possible appropriate remedy in the instant case is a remand to the director for administrative compliance. However, the plaintiff has attempted to pursue his procedural administrative avenues without success. Furthermore, plaintiff has accurately pled his fruitless administrative demands. This suit is now some ten months old and the director’s response, which precipitated this suit, is approximately eleven months old.
Thus, it seems inappropriate to require the instant plaintiff to attempt to obtain or attach a certificate of non-acceptance of the OWCA’s “recommendation” per LSA-R.S. 23:1314 B. The only “recommendation” or “decision” of the OWCA is evidenced by the letter of July 24, 1986. Since that letter can hardly be classified as a recommendation, an objection by the plaintiff thereto would seem to be a vain and useless act not likely to result in the issuance of a certificate. We therefore determine that his suit should not be dismissed due to his failure to object to the action of the OWCA under the circumstances here presented.
Being influenced by the Disotell result, and particularly Justice Cole’s incisive comment thereon, we determine that the failure of the OWCA to comply with its statutory duties should not bar the plaintiff from seeking redress in the district court. We therefore reverse the ruling of the trial court sustaining the exception of prematur *1262 ity and remand this case to the trial court for further proceedings not inconsistent with this opinion, at appellees’ cost.
REVERSED and REMANDED.

. The background facts contained in this paragraph are gleaned from attachments accompanying defendants’ response to plaintiffs interrogatories.

. LSA-R.S. 23.1331 C reads as follows:
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time six months from the date of the acceptance by the parties of the recommendation of the direction under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.

. The main opinion also pointed out that the application might be premature since six months had not elapsed since the original recommendation. However, the court noted that the defendants did not raise the issue of prematurity in the trial court and pointed out that the failure to plead the dilatory exception of prematurity prior to the answer may have been fatal thereto. However, the courts point that failure to file the exception prior to answer waives the exception may be inaccurate in a worker’s compensation case. See Moore v. Employers National Insurance Company, 464 So.2d 29 (La.App.3rd Cir.1985) citing Kidder v. Power Rig Drilling Company, Inc., 460 So.2d 769 (La.App.3rd Cir.1984).