518 So.2d 1011 (1988)
Tyrone TURNER, Sr.
v.
MARYLAND CASUALTY CO.
No. 87-C-1563.
Supreme Court of Louisiana.
January 18, 1988.
Rehearing Denied February 11, 1988.
*1013 Kevin P. Monahan, Baton Rouge, for applicant.
John L. Dardenne, Jr., Kennon, White & Odom, Baton Rouge, for respondent.
DENNIS, Justice.
In this worker's compensation case the injured employee filed suit against the employer's insurer to enforce performance of an agreement between them to an award of compensation recommended by the Office of Worker's Compensation Administration. The employee coupled with this suit a separate action for total and permanent disability benefits. We are called upon to decide (1) whether the employee may file suit in court to enforce performance of the agreed award without first seeking administrative relief, and (2) whether the employer's insurer, by its failure to file a timely dilatory exception, waived its objection to the prematurity of the total and permanent disability claim, or other claims included therein, which had not been submitted to the administrative claims process. At the administrative level the Office of Worker's Compensation Administration recommended and the parties agreed to an award that "worker's compensation benefits should be paid in accordance with law." When the employer's insurer terminated compensation payments four months later, the employee brought suit for enforcement of the agreed award and for total and permanent disability benefits. After a trial, the district court rejected all of the employee's demands, focusing only on the total and permanent disability claim, which the court found to be without merit. The court of appeal affirmed, 513 So.2d 559, adopting the trial court's reasons. We reverse and remand the case to the district court for further proceedings. (A) Under *1014 the Worker's Compensation Act, the parties' agreement to a compensation award pursuant to an administrative recommendation is a conventional obligation whose performance the employee may have enforced by the proper court; the Act does not provide any administrative remedy which must be exhausted before such a suit. (B) When there is a dispute as to compensation an employee cannot file a ripe action thereon until the issue has been submitted to the Office of Worker's Compensation Administration and one of the parties has rejected that agency's recommended resolution. The objection to a premature suit is waived, however, if the defendant fails to raise it through a timely filed dilatory exception. (C) In the present case, the employee properly filed suit in court for the enforcement of the insurer's performance under the agreed award. Moreover, the insurer waived its objection to the prematurity of the employee's total and permanent disability action and any other claims included therein. Since both lower courts passed over the employee's action to enforce the agreement and other claims included within his total and permanent disability cause, and because of the unusual circumstances involved, the case will be remanded to the district court for an adjudication of these issues.

FACTS
Plaintiff, Tyrone Turner, was injured in an employment-related accident on July 7, 1983. Mr. Turner filed a claim with the Director of the Office of Worker's Compensation, which issued a recommendation on November 1, 1983, that "worker's compensation benefits should be paid in accordance with the law." Mr. Turner signified his acceptance by signing the recommendation form on November 2, 1983. Maryland Casualty Company, the employer's insurer, failed to file a rejection of the recommendation within the thirty day period provided by law. Pursuant to La.R.S. 23:1310.1, the director issued a certificate documenting that the parties had informally resolved the claim, in accordance with the terms of the director's recommendation. Maryland Casualty continued paying benefits of $150 per week until February 27, 1984, when it unilaterally terminated all payments of benefits to Mr. Turner. Mr. Turner brought suit directly in court on September 14, 1984, demanding payment of benefits in accordance with the recommendation, along with a claim that his disability be classified as permanent and total. Mr. Turner alleged that the severity of his physical disability had continually increased. After trial, the court dismissed plaintiff's suit, solely for the reason that the plaintiff had failed to establish total and permanent disability at the time of trial. Plaintiff appealed, and the court of appeal affirmed, adopting the written reasons for judgment assigned by the trial judge.

STATUTORY PROVISIONS REGARDING ADMINISTRATION OF CLAIMS

Informal Dispute Resolution
Act 1 of the 1983 Extraordinary Session created the Office of Worker's Compensation Administration and established administrative procedures for the informal resolution of claims. Under the procedures, an employee, his dependent, the employer, or the insurer may file a claim regarding worker's compensation with the director when a dispute arises over compensation in connection with a worker's injury resulting in excess of seven days lost time or death. La.R.S. 23:1310. Within thirty days after receipt of the claim, the director shall issue a recommendation for resolution of the dispute to the parties. La.R.S. 23:1310.1. The recommendation is advisory only and, although admissible into evidence, shall not be accorded any presumption of correctness. Id. Each party is instructed by the recommendation to notify the director of his acceptance or rejection of the recommendation within thirty days of his receipt thereof. Id.; Rule LWC-19. A party who fails to notify the director timely of his rejection is conclusively presumed to have accepted the recommendation. La.R.S. 23:1310.1.

Trial of Civil Action
If any party rejects the recommendation of the director, the employee or his dependent *1015 may file a civil action in court on the claim within sixty days of the receipt of the recommendation or within the period established in La.R.S. 23:1209, whichever occurs last. La.R.S. 23:1311(A). A suit for compensation is premature if the claim has not been submitted to the director for informal resolution. La.R.S. 23:1314(A). However, this objection is waived by the defendant if the dilatory exception of prematurity is not timely filed. La.C.C.P. art. 926, 928; cf. Disotell v. Wadsworth Golf Construction, 500 So.2d 371, 373 (La.1987); Bailey v. Pacific Marine Insurance Co., 509 So.2d 508, 511-12 (La.App. 3d Cir.1987), cert. den. 510 So.2d 377 (La.1987); Moody v. K & B Equipment Co., 508 So.2d 927, 928 (La. App. 4th Cir.1987); Brignac v. Liberty Mutual Insurance Co., 496 So.2d 1306, 1308 (La.App. 3d Cir.1986); Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165, 1172 (La.App. 3d Cir.1986) (failure to obtain recommendation prior to bringing action to modify); Watson v. Amite Milling Co., Inc., 504 So.2d 1149, 1153 (La.App. 5th Cir.1987) (filing before 1331(C) period had elapsed); Dupre v. Travelers Insurance Co., 477 So.2d 1279, 1282 (La.App. 3d Cir. 1985) (failure to follow pleading requirements of 23:1314).

Modification of an Agreed Award
If the parties have accepted the director's recommendation either expressly or tacitly, either party may apply for a recommended modification of the agreed award at any time after six months from the date of the acceptance.[1] La.R.S. 23:1331(C). Disotell v. Wadsworth Golf Construction, supra, at 373; Bailey v. Pacific Marine Insurance Co., supra, at 511-12; Moody v. K & B Equipment Co., supra at 928; Brignac v. Liberty Mutual Insurance Co., supra, at 1308; Rich v. Geosource Wireline Services, Inc., supra, at 1172; Arthur v. Union Underwear Co., Inc., 492 So.2d 873, 876 (La.App. 3rd Cir. 1986). See W. Malone & A. Johnson, Worker's Compensation Law & Practice § 284 (2nd ed. 1980; supp. 1987). Thereupon, the director is required to review the application and issue a new recommendation. Id. The timely rejection of the new recommendation by any party permits the employee or his dependent to litigate the claim in court by filing a timely suit. La.R. S. 23:1311.
The parties' acceptance of a recommendation by the director does not limit their rights to seek a modification of any or all aspects of that resolution in the future. The act refers to the proceeding before the director as an informal dispute resolution and does not provide that an accepted recommendation shall have any permanent res judicata or preclusive effect. See La.R.S. 23:1310.1 et seq. In fact, the 1983 amendments to La.R.S. 23:1331 deleted a requirement that a party seeking review allege that the "incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud or misrepresentation." This omission impliedly recognizes a party's right for any reason to seek a recommendation for modification of any aspect of a previously agreed upon award.[2] See Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371 (La.1987); cf. Bordelon v. Vulcan Materials Co., 472 So.2d 5, 10 (La. 1985) (res judicata effect of judicial decree; right to modify such decree). W. Malone & A. Johnson, supra at § 381.5 (1987 supp.). *1016 See Suttle v. Roadway Express, Inc., 511 So.2d 1262, 1267 (La.App. 2d Cir.1987); Bailey v. Pacific Marine Insurance Co., supra, at 511-12; Watson v. Amite Milling Co., Inc., supra; Brignac v. Liberty Mutual Insurance Co., supra; Rich v. Geosource Wireline Services, Inc., supra; see also Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758, 760 (La.1978) ("[I]n the field of worker's compensation, courts must exercise greater vigilance against the perpetuation of an erroneous decision and less concern for the other conflicting interests served by devices for precluding litigation.") Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir. 1985), cert. den. 481 So.2d 634 (La.1986) and Henry v. Simmons Family Investments, Inc., 486 So.2d 319 (La.App. 3d Cir. 1986) are overruled to the extent that they are inconsistent with this holding.
Furthermore, courts in general hesitate to apply res judicata to enforce the repose of administrative agency actions unless the agency has acted in a judicial capacity to resolve disputed issues of facts properly before it which the parties have had an adequate opportunity to litigate. See United States v. Utah Construction Mining Co., 384 U.S. 394, 421-22, 86 S.Ct. 1545, 1559-60, 16 L.Ed.2d 642, 661 (1966); Restatement of Judgments 2nd § 83; K. Davis, Administrative Law Treatise § 21.1 et seq. None of these safeguards are provided for in the informal dispute resolution proceedings before the director. The director, who must evaluate each claim and issue a purely advisory recommendation within 30 days, with or without evidence, is authorized to act in a mediatory role rather than in a judicial capacity. Moreover, the statute does not provide in the informal dispute resolution stage for a party's right to present evidence and legal argument or a fair opportunity to rebut evidence and argument by opposing parties. Hence, in the absence of a procedure having some resemblance to court procedure, permanent res judicata or preclusive effect should not be given to the director's recommendation or the parties' acceptance thereof.

Judicial Enforcement of an Agreed Award
The statute does not provide for a means of enforcing the obligations created by the parties' agreement pursuant to the director's recommendation. Their acceptance of the recommendation constitutes a contract or conventional obligation, however, because it is an agreement by two or more parties whereby obligations are created. La.C.C. art. 1906. Although the acceptance has been recommended or mediated by the director, the acceptance by the parties of a recommendation to pay and to receive compensation creates an obligation or a legal relationship whereby the employer, the obligor, is bound to render a performance in favor of the employee, the obligee. La.C.C. art. 1756. Consequently, this obligation is enforceable by a civil action and may be prosecuted in a court of competent jurisdiction according to the rules of civil procedure. La.C.C.P. art. 421, 422. The Worker's Compensation Act does not provide any administrative remedy that the worker must exhaust before filing suit to enforce the obligation created by the parties' acceptance of the recommendation. See Weatherall v. Duhon's Electric Co., 490 So.2d 756, 758 (La.App. 3d Cir.1986).
Judicial enforcement requires the court to determine the scope of the agreed award. The parties' acceptance of a recommended informal resolution of their dispute regulates only the differences which appear clearly to be comprehended by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and it does not extend to differences which the parties never intended to include. La.C.C. art. 3073. See A. Larson, Worker's Compensation Treatise § 82.50. Accordingly, disputes between the parties which are not covered by the parties' agreement remain subject to the informal dispute resolution process and this administrative remedy must be pursued before they may be taken to court. Nevertheless, as in the other instances in which the employee fails to exhaust his administrative remedies, the defendant's *1017 failure to object to the premature action through a dilatory exception constitutes a waiver of the objection.
Although the parties' acceptance of a recommended dispute resolution creates an obligation which is enforceable by a civil action in the event of a party's failure to perform, the obligation is also subject to other conditions or limitations imposed by law. For example, the obligation created by the parties' acceptance is subject to modification by the parties' acceptance of a new recommendation or by litigation in accordance with the worker's compensation statute. La.R.S. 23:1311, 23:1331.

APPLICATION OF PRECEPTS
Applying the foregoing precepts to the present case, we conclude that the district court should have decided additional issues passed over in its judgment.
The court was required to determine the intention of the parties when they accepted the director's recommendation and to enforce that common intent. Because the parties accepted a recommendation by the director that "compensation benefits should be paid in accordance with the law," they clearly intended to resolve any differences as to the occurrence of a work-related accident, the existence of a work-accident related disability, and the employee's entitlement to some kind of compensation. To the extent that the parties' intent was not clear and unambiguous as to the nature of the disability and the type of benefits owed, the court was required to further interpret their agreement in search of that intent in accordance with the rules of interpretation of contracts. La.C.C. art. 2045 et seq.
Moreover, in this case, because the defendant failed to object timely to the employee's action on the ground of prematurity, the court should have determined whether the employee was entitled to recover any type of compensation benefits independently of the agreement or whether the employee had a right to a modification of compensation under the agreement because of a change in physical condition or any other reason. Thus, in the present case, the employee's claims based on his rights under the accepted recommendation, his compensation rights not covered by the parties' agreement, and his right to modify that agreement were all properly before the court.
It is quite understandable that the district court may have failed to appreciate all of the issues raised by the pleadings under the newly established statutory framework. We have arrived at our own conclusions as to the statute's meaning only after extensive study of its provisions in light of the above cited authorities. Similarly, because of the lack of comprehensive judicial interpretation, the parties may have failed to introduce or recognize evidence relevant to the issues. Because of these factors, and since this is our first complete examination of the statutory elements and their relations, we will in the interest of justice remand the case to the district court for the purpose of taking evidence upon and deciding any pertinent issues pertaining to enforcement of the agreed award, modification of that agreement, and all other aspects of the employee's rights with respect to any type of worker's compensation.
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED TO TRIAL COURT.
MARCUS, J., concurs.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I agree completely with the majority's disposition. One of our reasons for granting certiorari, however, was to determine plaintiff's right to supplemental earnings benefits. At oral argument plaintiff's counsel virtually admitted that the present record does not establish he was not totally and permanently disabled. On the other hand, defense counsel offered no justification for terminating benefits without seeking *1018 a modification, an act which may have triggered liability for penalties and attorney's fees.[1] All of these issues can be thrashed out on the remand.
NOTES
[1] The six month delay is not required for an application to modify supplemental earnings benefits. La.R.S. 23:1331(D).
[2] In sharp contrast with the informal dispute resolution provisions, the legislature has clearly enunciated its purpose when establishing procedures that permanently affect worker's rights and has surrounded such proceedings with appropriate safeguards. For example, with respect to compromise settlements, the compensation act expressly provides that the director shall determine whether the employee or his dependent understands a proposed compromise settlement, may require a hearing for such purpose at which all parties may testify, shall determine whether the agreement is fair, equitable and consistent with the compensation law and shall refuse to approve the settlement if it does not provide substantial justice to the parties. La.R.S. 23:1272. After setting forth these defenses to injustice, the act states explicitly, but qualifiedly, that an approved compromise settlement shall not thereafter be set aside or modified except for fraud or misrepresentation. Id.
[1] Defendant apparently understood the scope of the director's recommendation since it continued paying benefits at the rate for total disability.