520 So.2d 711 (1988)
Andrew BROCK
v.
SCHWEGMANN GIANT SUPERMARKETS, INC.
No. 87-CC-2156.
Supreme Court of Louisiana.
February 29, 1988.
William Bassett, Jr., Thomas Buck, Blue, Williams & Buckley, Metairie, for applicant.
*712 Orlando Bendana, Wayne Carlton, Jr., Robert Sharp, Bendana & Carlton, New Orleans, for respondent.
CALOGERO, Justice.
We granted a writ in this workers' compensation case to decide whether res judicata applies in connection with a recommendation of the Office of Workers' Compensation of the Louisiana Department of Labor (OWC). Relator, Schwegmann Giant Supermarkets, Inc., contends that plaintiff's claim has been adjudicated by the OWC (administratively) based upon the conclusive presumption of acceptance which arose upon plaintiff's failure to reject the initial OWC recommendation in this case. Relator argues that plaintiff is barred from "relitigating" his claim for workers' compensation benefits in the district court.
For the reasons which follow, we hold that res judicata does not apply in connection with an administrative recommendation of the OWC. Either party to a workers' compensation dispute is permitted to seek administrative review of an OWC recommendation at any time after six months of the express or tacit acceptance of such recommendation. Then, within sixty days of receipt of an OWC recommendation responsive to a later application for review and upon rejection of that recommendation by any party, the employee may seek judicial review.
Plaintiff was injured on November 18, 1985, in the course and scope of his employment with defendant. On March 4, 1986, the Office of Workers' Compensation (OWC) of the Louisiana Department of Labor issued a recommendation that "temporary total benefits be paid to Andrew Brock, Sr. from December 3, 1985 through December 16, 1985 and reinstated from January 17, 1986 through February 3, 1986", a total period of slightly more than four weeks. Compensation was calculated at the rate of $117.71 per week based on the average weekly wage of $176.48. The recommendation further stated that "all related medical expenses should be paid in accordance with the Act."
A certificate of acceptance was issued by the OWC on April 24, 1986, because neither party had rejected the recommendation within the 30 days provided by La.R.S.Ann. § 23:1310.1 (West Supp.1987).
Plaintiff filed suit in Civil District Court two months later, on June 25, 1986, without attaching a certificate from the OWC certifying that he had rejected the recommendation of the OWC. A month later, defendant filed an exception of prematurity and res judicata. The exception of prematurity was sustained on September 29, 1986.
Plaintiff did not thereupon file suit. Rather he filed anew with the OWC on December 1, 1986, more than six months after the presumed acceptance of the first OWC recommendation.[1] In response, the OWC issued a recommendation on December 29, 1986. It set out that the OWC had made a recommendation on March 4, 1986 and that a certificate of acceptance had been issued on April 24, 1986. The December 29, 1986 recommendation stated that since the March 4, 1986 recommendation of the OWC had been accepted (because there had been no rejection by either party within the thirty days allowed), the findings of that March 4, 1986 recommendation "may not be reconsidered by this office." It further stated that the original recommendation would not be modified because no new issues were involved. It provided each party 30 days within which to accept or reject "this recommendation" and specified that any party failing to respond to the December 29, 1986 letter (within thirty days) would be conclusively presumed to have accepted that December 29, 1986 recommendation.
Plaintiff timely rejected this action by the OWC and a certificate of rejection was issued by that office on January 27, 1987, *713 some nine months after the initial certificate of acceptance had been issued.
Plaintiff filed the present suit in the Civil District Court, Orleans Parish on February 12, 1987. He attached the OWC's certificate of rejection dated January 27, 1987. The petition alleged that plaintiff suffered injuries to his back, right shoulder and side, hands and legs while working within the course and scope of his employment with defendant and that as a result of his injuries he was permanently and totally disabled and entitled to workers' compensation benefits. An allegation that defendant "has refused to pay petitioner any weekly compensation benefits" and refused to provide medical treatment was also included in the petition. Defendant employer argues in brief, however, that it has in fact paid $559.64 in workers' compensation benefits and $863.00 in medical benefits in compliance with the initial recommendation of the OWC.
In response to plaintiff's petition, defendant filed an exception of res judicata, alleging that plaintiff's claim had been administratively adjudicated and that acceptance of the initial OWC recommendation barred plaintiff's suit. The trial court overruled the exception of res judicata. Defendant's application for writs to the Court of Appeal was denied.
We granted a writ on application of the employer to review the trial court's judgment overruling the exception of res judicata.
La.R.S.Ann. § 23:1331(C) (West 1985) permits a party who has accepted the recommendation of the Office of Workers' Compensation (OWC), either expressly or tacitly, to cause a review of that recommendation by the Director of the OWC at any time after six months from the date of such acceptance, by submitting an application for modification of the initial OWC recommendation. See also 14 W. Malone and H. Johnson, Louisiana Civil Law Treatise: Workers' Compensation Law and Practice § 381.5 (Supp.1987); Johnson, Bound in Shallows and Miseries: The 1983 Amendments to the Workers' Compensation Statute, 44 La.L.Rev. 669 (1984). Within thirty days of receipt of the application by the OWC, the agency is required by La.R.S.Ann. § 23:1310.1 (West Supp.1987) to issue a recommendation. Each party is allowed thirty days from the date of receipt of the recommendation to notify the OWC of its acceptance or rejection of the recommendation. Failure to notify OWC of acceptance or rejection gives rise to a conclusive presumption of acceptance of the recommendation and this again bars further action on the claim for a period of six months. La.R.S.Ann. § 23:1310.1 (West Supp.1987); 1311 (West 1985). See Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371 (La.1987).
A claimant is afforded thirty days from receipt of the last OWC recommendation to notify OWC of his acceptance or rejection of that recommendation. La.R.S. § 23:1310.1. If the claimant notifies the OWC of his rejection of the recommendation within this time period, the OWC is required to issue a certificate of rejection. La.R.S. § 23:1310.1. Timely rejection allows the employee sixty days from receipt of the recommendation or the period established by La.R.S.Ann. § 23:1209 (West Supp.1987), whichever is longer, to file a petition in the district court for judicial adjudication of his workers' compensation claim. La.R.S. § 23:1311(A). The certificate of rejection must be attached to the employee's petition. La.R.S.Ann. § 23:1311(C) (West 1985). Rejection of an OWC recommendation is a necessary prerequisite to filing a suit for workers' compensation benefits. La.R.S. § 23:1311; Turner v. Maryland Casualty Co., 518 So.2d 1011 (La.1988). A defendant's objection to suit filed without the required certificate of rejection is waived, if not raised prior to answer or judgment by default. Turner, at 1015; Disotell, 500 So.2d at 371. See also Malone & Johnson at § 383; Johnson at 692.
Applying these principles to the present case, plaintiff was conclusively presumed to have accepted the first OWC recommendation thirty days from its receipt because he, and defendant as well, failed to reject timely. (The recommendation was *714 for a little more than four weeks of compensation based on the employer's medical submissions). This tacit acceptance prevented any further action by either party for a period of six months from the date of the presumed acceptance. For this reason plaintiff's first suit was properly met with an exception of prematurity. He was unable to attach a certificate of rejection issued by the OWC as required by La.R.S. § 23:1311(C), for he had not rejected the March 4, 1986 OWC recommendation.
At the end of the six month period, either party was free to seek modification and thereby secure review of the claim by the OWC. This the plaintiff properly did.[2] Rejection of the Director's December 29, 1987 recommendation (which was a finding by the OWC that the original recommendation could not be reconsidered by OWC because it had been accepted by the parties and that the original recommendation would not be modified because no new issues were involved) allowed plaintiff to file the present suit, with the certificate of rejection attached. La.R.S. § 23:1311(A).
Res judicata, translated from the Latin is "the thing adjudged." Louisiana Civil Code article 3556 defines the thing adjudged as "that which has been decided by a final judgment, from which there can be no appeal...." La.Civ.Code Ann. art. 3556 (West Supp.1987). See also La.Code of Civ.Proc.Ann. art. 1842 (West 1961). Here, of course, there was no "final judgment." And while article 3078 recognizes that a transaction or compromise has a force equal to the authority of the thing adjudged between the parties, and a compromise is defined in article 3071 as an agreement between two or more persons for the purpose of avoiding or terminating a lawsuit, La.Civ.Code Ann. art. 3071 (West Supp.1987); 3078 (West 1952); Sliman v. McBee, 311 So.2d 248 (La.1975), by no means can it be said that a presumed acceptance of an administrative recommendation is to be viewed as a transaction or compromise. In fact, the present Workers' Compensation Act has specific provisions to govern the compromise of claims.[3] La. R.S.Ann. §§ 23:1271-1274 (West 1985). As noted by this Court in Sewell v. Argonaut Southwest Insurance Company, "in the field of workmen's compensation courts must exercise greater vigilance against the perpetration of an erroneous decision and less concern for the other conflicting interests served by devices for precluding litigation." 362 So.2d 758, 760 (La.1978) (citation omitted).
An OWC recommendation results from an attempt at informal dispute resolution. The Workers' Compensation Act does not provide that an accepted recommendation will have any res judicata effect. The principles which we enunciated in Turner support the conclusion that acceptance of an OWC recommendation does not preclude a later suit where the statutory requirements of the OWC administrative procedure are complied with. Turner, at 1015-16. The Workers' Compensation Act affords no res judicata effect to a recommendation of the Director so as to preclude suit. Turner, at 1015-16. See also Johnson at 689.
Article 1 Section 22 of the Louisiana Constitution of 1974 provides that Louisiana "courts must be open to every person for adequate remedy by due process of law." Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). The right of judicial review of administrative proceedings is presumed to exist. Id. A party whose legal rights are adversely affected by the decision of an administrative body may test the legal correctness of that decision in the courts.
The Legislature is, of course, at liberty to provide an administrative procedure for review of workers' compensation claims. Sibley v. Board of Supervisors of L.S.U., *715 462 So.2d 149, aff'd in part, rev'd in part and remanded on rehearing, 477 So.2d 1094 (La.1985); Bazley v. Tortorich, 397 So.2d 475 (La.1981); Everett v. Goldman, 359 So.2d 1256 (La.1978). The statutory scheme adopted by the Legislature to provide adequate compensation to injured employees preserves the right of access to the courts. It permits access to the courts after a rejection by one party of the recommendation of the Director of the Office of Workers' Compensation. La.R.S. § 23:1311(A). La.R.S. § 23:1331 merely provides that a six month delay is necessary after the parties have accepted an initial recommendation of the Director before either party will be allowed to present their claim to the agency for a modification of the initial recommendation. When La.R. S. § 23:1331 is read in conjunction with La.R.S. § 23:1311, it is clear that the Act bars a lawsuit under threat of dismissal on an exception of prematurity if the six months period has not elapsed and if the certificate of rejection is not attached to the petition.
In no event, however, may an OWC recommendation alone ever ripen into a "decided judgment", a "thing adjudged", or res judicata. Hasty filing and a cursory documentary review by an administrative panel is hardly judicial consideration. The civilian doctrine of res judicata, based as it is on the presumption of an attempt to ascertain the truth, Comment, The Louisiana Concept of Res Judicata, 34 La.L.Rev. 763 (1974), can hardly be said to apply to the cursory procedure which precedes an OWC recommendation. Under the prior law a change in condition allowed an employee or employer to reopen the case at any time six months after a district court judgment. La.R.S.Ann. § 23:1331 (1914) (originally enacted by 1914 La.Acts No. 20 § 20). The amended Act requires only that an employee wait six months after acceptance of an OWC recommendation to do so. La.R.S. § 23:1331(C) (West 1985). The workers' compensation act "refers to the proceeding before the director as an informal dispute resolution and does not provide that an accepted recommendation shall have any permanent res judicata or preclusive effect." Turner, at 1015.
The presumption that the parties here accepted the initial OWC recommendation by their failure to act within thirty days barred any further action on the claim for six months. But the recommendation, thus accepted, did not acquire the authority of the thing adjudged by the parties' failure to act.
Thus the trial court correctly overruled defendant's exception of res judicata.

Decree
For the foregoing reasons, the judgment of the trial court is affirmed and the case remanded to the district court for further proceedings.
AFFIRMED.
NOTES
[1] Neither that filing nor his original claim are made a part of this record, the action here reviewed being the denial of an exception of res judicata. Defendant-relator contends that the plaintiff-respondent merely re-submitted his identical first claim to the OWC. Plaintiff-respondent states in brief that his December 1, 1986 filing was a request for "review and modification of the initial recommendation...."
[2] But see discussion at footnote 1 hereinabove.
[3] La.R.S.Ann. § 23:1272 (West 1985) requires that all compromise settlement agreements be presented to the Director of the OWC through a petition signed by all the parties and verified by the employee or his dependents. The Director must then determine whether the employee or his dependents understand the terms and conditions of the proposed settlement and he is authorized to approve settlement only if he finds that the proposal is fair, equitable and consistent with Louisiana workers' compensation law.