CIACCIO, Judge,
concurring.
La.R.S.Ann. Sec. 23:1331(C) (West 1985) permits a party who has accepted the recommendation of the Office of Workers’ Compensation (OWC), either expressly or tacitly, to cause a review of that recommendation by the Director of the OWC at any time after six months from the date of such acceptance, by submitting an application for modification of the initial OWC recommendation. See also 14 W. Malone and H. Johnson, Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice Section 381.5 (Supp.1987); Johnson, Bound in Shallows and Miseries: The 1983 Amendments to the Workers’ Compensation Statute, 44 La.L.Rev. 669 (1984). Within thirty days of receipt of the application by the OWC, the agency is required by La.R.S.Ann. Section 23:1310.1 (West Supp.1987) to issue a recommendation. Each party is allowed thirty days from the date of receipt of the recommendation to notify OWC of its acceptance or rejection of the recommendation. Failure to notify OWC of acceptance or rejection gives rise to a conclusive presumption of acceptance of the recommenda *1036 tion and this again bars further action on the claim for a period of six months. La.R.S.Ann. Section 23:1310.1 (West Supp.1987); 1311 (West 1985). See Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371 (La.1987).
Brock v. Schwegmann Giant Supermarkets, 520 So.2d 711, 713 (La.1988)
... tacit acceptance prevents] any further action by either party for a period of six months from the date of the presumed acceptance.
Brock, at 714.
La.R.S. Section 23:1331 merely provides that a six month delay is necessary after the parties have accepted an initial recommendation of the Director before either party will be allowed to present their claim to the agency for a modification of the initial recommendation.
Brock, at 715.
By failing to reject the recommendation of the OWC, appellant bound itself to abide by the recommendation for at least six months. Six months after acceptance of the recommendation appellant could present a claim to the agency for a modification of the recommendation. The use in the recommendation of language providing for an indefinite duration of benefits did not allow appellant to unilaterally interpret the duration of benefits; appellant must pay benefits as recommended until a modified recommendation provides for termination of benefits or until a judicial decision terminates benefits after either of the parties rejects a recommendation and pursues relief in court. Any other procedure makes meaningless the administrative, informal dispute resolution scheme established by the Legislature for resolving disputes concerning claims for worker’s compensation. The system will not work if an accepted recommendation which says that benefits are due can be interpreted unilaterally by the employer to mean that benefits need not be paid, requiring the employee to go to court to enforce the recommendation.
In the current procedural posture, this case contains no unresolved, material issues of fact, and plaintiff is entitled to judgment as a matter of law. Appellant must pay benefits under the recommendation it accepted until that recommendation is properly modified, administratively or judicially, and benefits are terminated. The district court properly granted summary judgment against appellant.