HIGHTOWER, Judge.
Plaintiff here appeals a district court judgment sustaining dilatory exceptions and dismissing his suit for worker's compensation benefits. For the reasons expressed, we reverse and remand.
FACTS
On October 4, 1986, plaintiff, Ronnie Glen DeMoss, suffered a broken collar bone while in the course and scope of his employment as a logger with A & M Wood Company, Inc. A dispute regarding worker’s compensation arose, and on June 15, 1987, the Office of Worker’s Compensation (OWC) issued a recommendation that plaintiff be paid temporary total benefits from the date of the accident until he was able to return to gainful employment. Payment of all related medical expenses was also recommended. The OWC subsequently distributed a certificate, dated July 31, 1987, which stated that the recommendation was conclusively presumed by statute (LSA-R.S. 23:1310.1) to have been accepted by the parties, since neither side had rejected it within the allowable time period.
By letter dated August 27, 1987, the OWC acknowledged the receipt of an application by plaintiff for rehabilitation services. However, a recommendation regarding those benefits was not issued, since the OWC found that “based on information submitted to this office, a bona fide rehabil *722 itation dispute does not exist.” The OWC offered to reconsider the matter if documentation of a bona fide dispute were submitted. The application was not rejected on the basis of prematurity.[1]
Plaintiff filed suit against his employer and its insurer, Highlands Insurance Co., on March 4, 1988. Weekly compensation benefits had been terminated by defendants on August 28, 1987, and plaintiff alleged that this occurred despite a continuing disability which precluded employment. Plaintiff’s petition prayed for all past due amounts and the restoration of weekly benefits, in addition to attorney’s fees and penalties. Also, vocational rehabilitation services and, thereafter, supplemental earnings benefits were sought.
Defendants interposed dilatory exceptions, contending that plaintiff’s claim, as described in the petition, had not been submitted to the OWC as required by law and was therefore premature. They also objected to the form of the petition, asserting that there was not attached to it an OWC certificate showing that the agency's recommendation concerning the claim had been rejected.
The exceptions, submitted on the basis of memoranda in the record, were sustained. A September 22, 1988 judgment dismissed plaintiff’s entire suit, and this appeal followed.
DISCUSSION
The record indicates that the parties have addressed plaintiff’s entitlement to weekly compensation benefits and vocational rehabilitation as separate matters. We likewise will consider each as a distinct controversy in our resolution of the issues' presented.
When neither party rejects the OWC’s recommendation within 30 days of its receipt, a conclusive presumption of acceptance of that recommendation arises. LSA-R.S. 23:1310.1; Brock v. Schwegmann Giant Supermarkets, 520 So.2d 711 (La.1988). Of course, at any time after six months from the date of such acceptance, any party may apply to the OWC for modification of the award. LSA-R.S. 23:1331(0). However, when a claimant seeks no modification of an award, but, rather, seeks only to compel adherence to the provisions of a recommendation to which all have assented, no further administrative proceedings are necessary. The acceptance of a recommendation creates an obligation which may be judicially enforced in a court of competent jurisdiction. Turner v. Maryland Casualty, 518 So.2d 1011 (La.1988).
In the case sub judice, plaintiff seeks no modification of the June 15 recommendation concerning weekly compensation benefits, which all parties had accepted. Alleging continued disability and improper termination of benefits, plaintiff simply seeks to enforce the terms of the recommendation that mandate payment of temporary total benefits. Consequently, plaintiff appropriately presented his demands to the district court without further administrative review; and the exceptions, as they concerned the weekly benefits, should have been overruled.
Defendants-appellees also maintain, however, that plaintiff’s claim for rehabilitation services is premature.
LSA-R.S. 23:1226, entitled “Rehabilitation of injured employees,” provides in pertinent part:
A. When an employee has suffered an injury covered by this Chapter which precludes the employee from earning wages equal to wages earned prior to the injury, the employee shall be entitled to prompt rehabilitation services. The employer or insurer shall provide such injured employee with appropriate training and education for suitable gainful employment and may utilize programs provided by state and federal agencies for vocational education when conveniently *723 available or may utilize any public or private agency cooperating with such state and federal agencies in the vocational rehabilitation of such injured employee. In the absence of such programs the employer or insurer shall provide vocational rehabilitation with available private agencies.
B.
C. If rehabilitation services are not voluntarily offered or accepted, the director, upon application of the employee, employer, or insurer, may refer the employee to a qualified physician or facility for the evaluation of the practicality, the need, and the kind of service, treatment, or training necessary and appropriate to restore the employee to suitable gainful employment. On receipt of the evaluation, the director may recommend that the service and treatment recommended in the report, or such other rehabilitation treatment or service deemed necessary, be provided at the expense of the employer or insurer.
(Emphasis added.)
Another section, LSA-R.S. 23:1310.1, addresses claims processing by the OWC and sets forth that office’s responsibilities when a request for benefits is submitted. Subsection A thereof states, “Within 30 days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested.” (Emphasis added.)
Defendants advance several interesting contentions in support of their position that the demand for rehabilitation services remains premature. They first underscore that the original OWC recommendation of June 15 did not encompass the rehabilitation issue, and that undef Turner, supra, “the parties’ acceptance of a recommended informal resolution of their dispute ... does not extend to differences which the parties never intended to include.” 518 So.2d 1011, 1016. Thus, the argument continues, plaintiff is not attempting to enforce an obligation arising from an acceptance, as he is with weekly benefits, and he must first pursue administrative relief respecting rehabilitation. Defendants additionally contend that the language of LSA-R.S. 23:1226(C), supra, describing the OWC’s duty to issue a recommendation respecting rehabilitation, is permissive, rather than mandatory.
Finally, in defendants’ view, the OWC’s refusal to issue a recommendation can be construed as a decision or recommendation not to allow rehabilitation. Therefore, it is maintained, since plaintiff did not object timely to that “recommendation,” he is presumed to have accepted it, and he must wait six months and seek a modification with that agency before commencing litigation.
Notwithstanding such arguments, we conclude that plaintiff’s demand for rehabilitation was properly presented to the district court. True, rejection of an OWC recommendation is a prerequisite to filing suit for worker’s compensation benefits. LSA-R.S. 23:1311; Brock, supra. Nevertheless, if no recommendation is issued, there is nothing for plaintiff to reject in fulfillment of the precondition to suit. Thus, if the OWC had the complete discretion to not issue any recommendation regarding rehabilitation, plaintiff would be left with no remedy. Under the compensation system, administrative inertia or intransigence cannot be allowed to frustrate a worker, leaving him helpless with no way to test the sufficiency of his claim for relief. As we construe the statute in question, LSA-R.S. 23:1226(C), the director is afforded discretion concerning the sort of rehabilitation to recommend, if any is deemed appropriate, but a decision to issue no recommendation at all is not permissible.
The foregoing interpretation is supported by the provisions of LSA-R.S. 23:1310.1. That section is applicable to “every claim for benefits;” and rehabilitation services are clearly “benefits.” As previously emphasized, 1310.1 provides, in language which is mandatory, that upon receiving a claim the OWC “shall issue its recommendation for resolution.... ” In McConnell v. Givens Timber Co., Inc., 511 So.2d 1258 *724 (La.App. 2d Cir.1987), we were confronted, as here, with the OWC’s refusal to issue a recommendation because of that office’s belief that the information submitted did not establish a bona fide dispute. Plaintiff instituted a suit for benefits which was dismissed on an exception of prematurity. This court reversed, holding that the OWC’s failure to fulfill its statutory duties, under Section 1310.1, could not bar plaintiff from seeking judicial redress. Even though it did not specifically involve rehabilitation benefits, the McConnell holding is applicable to the case at bar.
The OWC’s action can in no manner be seen as a “recommendation” of no rehabilitation which was tacitly accepted by the simple failure to reject it. Such a view was not adopted under the very similar facts in McConnell, supra. In addition, LSA-R.S. 23:1310.1(A) states that the OWC must provide a form for either party to use in conveying its acceptance or rejection. The record contains no indication that the OWC, in its letter of August 27 or elsewhere, distributed a form for rejection of its “recommendation.” That inaction, coupled with the letter’s language, discloses that the OWC did not regard its communication to the parties as a “recommendation.”
CONCLUSION
For the foregoing reasons, the judgment dismissing plaintiff’s demands is reversed and the exceptions are overruled. The suit is remanded to the district court for further proceedings in accordance with law. All costs of this appeal are to be borne by appellees.
REVERSED AND REMANDED.

. Within the first six months after the parties accept an OWC recommendation there is no mandatory duty to review a request for modification, LSA-R.S. 23:1331(C); however, that office — in our opinion correctly — did not treat the application for rehabilitation services as a request for modification.