CIACCIO, Judge.
This is a worker’s compensation case in which plaintiff is seeking review of the trial court’s denial of her motion to dismiss and motion for summary judgment. The issue presented for our review is whether defendant, the worker’s compensation insurer, may be allowed to relitigate the issue of whether the employee’s accident was work-related once an administrative recommendation had been rendered.
Patsy Ducote, relator herein, filed a Disputed Claim for benefits with the Office of Worker’s Compensation Administration, (OWCA) following the 1988 death of her husband, an employee of Binswanger/ACl Glass Company. The OWCA found Mr. Ducote’s death to be work-related, and issued a recommendation on March 9, 1989 that relator be awarded death benefits in accordance with law. The worker’s compensation insurer, Travelers Insurance Company, neither accepted nor rejected *711 this recommendation within the time period proscribed by law.
The OWCA then issued a certificate on April 24, 1989 certifying that Travelers had received the recommendation, but had not timely rejected it. Thus, under the provisions of La.R.S. 23:1310(A), Travelers was conclusively presumed to have accepted the recommendation.
Travelers subsequently began to pay benefits to relator, and in May 1991 Travelers filed an application to modify the March 9, 1989 recommendation by the OWCA. Travelers argued that the proof that the death was work-related was insufficient, and that therefore they should not be held liable for death benefits. In response to this application, relator filed a motion to dismiss and motion for summary judgment which were denied by the trial court on May 28, 1991. We reverse for the reasons stated below.
In support of its application for modification, Travelers cites Turner v. Maryland Casualty Co., 518 So.2d 1011 (La.1988) for the proposition that any aspect of an administrative recommendation is subject to modification. However, Travelers’ reliance on the Turner case is misplaced. The issue confronted in Turner was whether the employee could re-open the issue of an award of compensation benefits once a recommendation had been accepted by the employer’s insurer.
However, the court found that the acceptance of a recommended dispute resolution operates as the contract between the parties, and is subject to further modification to the extent that the parties’ intent was not clear and unambiguous. In the present case, the cause of Mr. Riley’s death was reviewed by the OWCA which made a recommendation that the death was work-related. Travelers did not contest this determination, and by accepting the OWCA recommendation, Travelers agreed with the conclusions made therein. The determination that the worker’s death was work-related is neither unclear nor ambiguous. Further, the cause of death is not an issue which is subject to change or will permit further modification. We conclude, therefore, that the determination that the death was work-related may not be relitigated once the recommendation so stating has been accepted.
We therefore conclude that the hearing officer erred in denying relator’s motion to dismiss and motion for summary judgment. Accordingly, the judgment of the hearing officer is reversed. Traveler’s application to modify the director’s recommendation is dismissed at Traveler’s costs.