SCHOTT, Chief Judge,
dissenting:
By Act 23 of 1989 jurisdiction over worker’s compensation claims was conferred on *1105 the Office of Worker’s Compensation Administration (OWCA) of the Department of Labor. R.S. 23:1310 et seq. Within thirty (30) days of the receipt of a recommendation from OWCA, unless the parties reject the recommendation, they are conclusively presumed to have accepted it. R.S. 23:1310.1. At the time plaintiff filed his claim in the district court, R.S. 23:1311 provided for such filing only in the event that he rejected OWCA’s recommendation.
In this case the parties received OWCA’s recommendation on May 9 & 10, 1989. On June 19, 1989 OWCA issued a certificate of its recommendation. The present suit was filed on November 16, 1989. In his petition plaintiff sought to enforce collection of the amount awarded by OWCA. This seems to be based upon R.S. 23:1311(B)(3) which mandates inclusion in the petition “The specific compensation benefit which is due, but has not been paid or is not being provided.” The suit does not seem to be based upon R.S. 23:1331 which concerns the modification of an existing award as in the case where a worker receiving temporary disability benefits is alleged to be no longer disabled.
My problem is my belief that the district court had no subject matter jurisdiction over the matters incorporated in the judgment. It’s jurisdiction was limited to enforcement of the OWCA awarded accepted by the parties. Jurisdiction over subject matter cannot be conferred by consent of the parties and a judgment by a court with no subject matter jurisdiction is void. C.C.P. art. 3. This problem is at the heart of my disagreement with my colleagues in the majority who treat plaintiff’s suit as merely premature and conclude that the objection based upon prematurity was waived as in the case of a failure to raise the dilatory exception of prematurity. I respectfully submit that the approach taken by this court in Moody v. K & B Equipment Co., 508 So.2d 927 (La.App. 4th Cir. 1987) was incorrect insofar as it considered the suit in the district court as premature when the suit sought a judicial remedy not conferred by the legislature upon the court to adjudicate.
Turner v. Maryland Cas. Co., 518 So.2d 1011, 1016 (La.1988) does not support an affirmation of the present judgment. There the court recognized that parties who fail to reject an OWCA recommendation become parties to a binding agreement which is enforceable by a civil action in the event of a party’s failure to perform. The court’s reference to disputes not covered by the parties’ agreement has nothing to do with the present case.
I would amend the judgment to enforce the OWCA award.