KALISTE J. SALOOM, Jr., Judge Pro Tem.
The succession representative of a worker’s compensation claimant appeals from a trial court judgment denying worker’s compensation benefits after the death of the claimant and denying medical expenses.
Harvey D. Pippin was injured during the course and scope of his employment. The Office of Worker’s Compensation recommended that Pippin receive temporary total benefits from May 20, 1985, until he was physically able to return to work and that all related medical expenses be paid.
Pippin died on May 1, 1988, from non work related causes. Carol D. Henderson was substituted as plaintiff. She sought to enforce a settlement agreement which was being negotiated at the time of Pippin’s death. The trial court held in favor of defendants. Henderson appealed to this court. In an unpublished opinion this court affirmed. 562 So.2d 482 (La.App.1990). The Supreme Court denied writs on June 22, 1990. At a subsequent proceeding Henderson attempted to claim entitlement to weekly benefits after the death of the claimant as well as payment of medical expenses. The trial court rejected her demands and Henderson appeals.
Henderson relies on jurisprudence which holds that an insurer is obligated to pay weekly benefits following a Director’s recommendation until such time as the employer or its insurer seeks a modification before the Office of Worker’s Compensation. See Turner v. Maryland Casualty Co., 518 So.2d 1011 (La.1988). Henderson seeks to extend Turner to the present set of facts. She argues in brief that an employer and its insurer must continue to pay weekly benefits, regardless of the death of the claimant, until such time as the employer or its insurer seeks a modification of the Director’s recommendation. We reject appellant’s argument.
*1007 In the previous appeal of this matter this court held that the death of an employee terminates the obligation to pay weekly benefits. This court further held that Henderson could only seek to recover accrued pre-death benefits. After further litigation the trial court denied Henderson’s claims for accrued benefits, medical expenses and post death benefits.
Under the “law of the case” principle, we decline to reconsider the issues which were decided on the previous appeal of this matter. Petition of Sewerage and Water Board of New Orleans, 278 So.2d 81 (La.1973); Posey v. Smith, 453 So.2d 1016 (La.App. 3d Cir.1984); Freeman v. Insurance Company of North America, 444 So.2d 793 (La.App. 3d Cir.1984). Therefore, we will not consider Henderson’s claims for post-death benefits.
Henderson attempts to re-open the issue of post-death benefits by claiming that she is attempting to enforce a Director’s recommendation which was never modified after the death of the worker. Although this is a novel argument, we refuse to endorse it. Under appellant’s reasoning, she would be owed for over four years of weekly benefits, after the death of the claimant, because the employer, or its insurer, did not seek to modify the Director’s recommendation. This would result in an absurdity which is contrary to the intent of worker’s compensation law which is to compensate workers during their disability. As stated in the previous appeal of this matter, “the employer’s obligation to pay weekly benefits ceases because benefits are due only during the period of disability.” See Ponthier v. Insurance Company of North America, 522 So.2d 188 (La.App. 5th Cir.1988); Chapman v. Home Indemnity Co., 442 So.2d 1388 (La.App. 3d Cir.1983), writ denied, 445 So.2d 437 (La.1984). We hold that the obligation to pay weekly benefits terminated on May 1, 1988, of its own accord without the necessity of seeking a modification with the Office of Worker’s Compensation. Therefore, Henderson cannot claim weekly benefits after May 1, 1988.
Appellant also seeks to recover for alleged past due medical expenses. A claimant must file his claim for medical benefits and show that they are related to the work accident by a reasonable certainty and by a preponderance of the evidence. Charles v. Aetna Casualty and Surety Co., 525 So.2d 1272 (La.App. 3d Cir.), writ denied, 531 So.2d 480 (La.1988). At trial appellants introduced various medical and pharmacy bills into evidence. However, she failed to elicit competent testimony that these bills were work related or that they remained unpaid. Therefore, we cannot say that the trial court was clearly wrong.
Our holding in this case pretermits appellant’s other assignments of error. We do not address the issues of penalties or attorney’s fees, because appellant failed to show that any amounts are still owed or were late when paid.
Accordingly, for the reasons assigned we affirm the judgment of the trial court. Costs of this appeal are assessed against appellant.
AFFIRMED.