FRUGÉ, Judge.
This is a workmen’s compensation suit for permanent total disability, attorney’s fees and penalties. Plaintiff has appealed the district court’s judgment sustaining an exception of prematurity.
Plaintiff, in his petition, alleged that although defendant, Liberty Mutual Insurance Company, was making compensation payments in the statutory maximum amount of $35.00 per week, it was not paying reasonable transportation expenses incurred in traveling to and from the attending physician’s office. Defendant admits that the cost of traveling to and from a physician’s office may be properly allowed as medical expenses under our workmen’s compensation law. Plaintiff has requested payment in the amount of 100 per mile. Defendant has been paying 50 per mile and maintains that this is adequate in the absence of some showing that plaintiff’s traveling expenses exceed that amount.
At the hearing of the exception of prematurity plaintiff introduced over defendant’s objection the deposition of Mr. Sherman E. Cating, for the purpose of establishing the operating cost of an automobile on a mileage basis. Cating held the position of “controller” for a car rental agency in Lake Charles. Mr. Gating stated that the agency rents only relatively new automobiles, buying them new and trading them in usually within one year. He testified that the operating expenses of the agency’s automobiles were 180 per mile. Cating stated that he had no special knowledge of the operating cost of an individually owned automobile, his work being entirely in the field of commercial rental. He further stated that he did not know the model or make of plaintiff’s automobile.
The only other evidence introduced at the hearing of the exception of prematurity was the testimony of plaintiff. Plaintiff testified that he lives in an area of Cameron Parish where there is no public transportation facilities and that he must therefore use his own automobile when visiting his physician. His testimony established that he had traveled a total distance of 3,052 miles in obtaining medical treatment for his injury. No evidence was introduced to show the make or model or the condition of plaintiff’s automobile.
The trial judge, in his written reasons for judgment, stated, “The plaintiff has failed to bear the burden of proving with reasonable certainty what his travel costs had been. The computations offered by Mr. Cating cannot be used to calculate the plaintiff’s costs. It is not shown that the automobile used by the plaintiff was insured, nor the amount thereof. The depreciation schedule used by Mr. Cating cannot be applied to plaintiff’s transportation since the make and model of that car is not in evidence. Having come to this conclusion, the exception of prematurity shall be sustained. * ⅝ * »
We cannot say that the trial judge was manifestly erroneous under the facts of this case. Plaintiff has alleged that he is receiving maximum compensation payments and complains only of receiving inadequate travel expenses. He has not, by any competent evidence, established the amount of the travel expenses he has incurred. Under these facts, the judgment of the district court sustaining the exception of prematurity and dismissing plaintiff’s suit is correct. Accordingly, the judgment is affirmed, costs of this appeal to be borne by plaintiff-appellant.
Affirmed.