FORET, Judge.
This is a workmen’s compensation suit. In her petition, plaintiff, Barbara James Fisher, alleged that defendant, State of Louisiana, Through the Department of Public Education, had refused to pay for or furnish recommended medical treatment, and, in addition, had reduced medical benefits to plaintiff because she was represented by an attorney. A preliminary default was entered on February 21, 1984. On May 2, 1984, the defendant filed an answer and exception of prematurity. A hearing was held on May 3, 1984, following which the trial court rendered judgment in favor of defendant, sustaining its exception of prematurity and dismissing the suit without prejudice. Plaintiff has appealed and raised the following issues:
(1) Whether the trial court erred in addressing the issue of prematurity given that defendant did not file an exception of prematurity until after the trial court entered a preliminary default; and,
(2) Whether claimant’s action should have been dismissed as premature given that the only basis of claimant’s action was defendant’s reduction of her medical travel expenses as a result of claimant’s having obtained legal representation.
*198 FACTS
Plaintiff, Barbara James Fisher, was employed by defendant, the State of Louisiana, Through the Department of Education, as a teacher’s aide. She was assigned to a facility for the mentally retarded in Rapides Parish. On or about July 30, 1982, claimant injured herself while lifting a resident. Since that time, claimant has been unable to work. At the hearing of this matter before the lower court, plaintiff acknowledged that defendant was paying medical and disability benefits and that she had received all necessary medical treatment. The sole basis of claimant’s action was defendant’s decision to reduce the rate at which she was reimbursed for travel expenses.
Some of claimant’s medical treatment was provided by Dr. S. Henry La Rocca. Dr. La Rocca practices in New Orleans, Louisiana, and it was necessary for claimant to travel some 380 miles round trip between Alexandria and New Orleans. Beginning February 23, 1983, and continuing through June 27, 1983, defendant reimbursed plaintiff for her travel expenses at the rate of 19$ per mile. Beginning August 14, 1983, this amount was reduced to 16$ per mile. Witnesses for the defendant acknowledged that this reduction was undertaken in conformity with defendant’s policy that mandated such a reduction for all injured employees who had obtained legal representation.
DEFENDANT’S EXCEPTION OF PREMATURITY
Claimant contends that defendant’s exception of prematurity should not have been considered by the court since it was filed untimely, after the entry of a preliminary default. While it is true that LSA-C. C.P. Art. 928 provides that a dilatory exception of prematurity must be plead before the rendition of a judgment by default, the dismissal for prematurity of a workmen’s compensation action is specifically provided for in LSA-R.S. 23:1314. Under this statute, it is not necessary that the issue of prematurity be raised by an exception. In a case like the one now before us, Art. 23:1314 requires the dismissal of a petition based on unfounded allegations if those allegations are denied by the employer at the time fixed, for the hearing of claimant’s petition. It does not require the filing of an exception. Hall v. Hillyer-Edwards-Fuller, 171 So. 487 (La.App. 2 Cir.1937), affirmed, 187 La. 959, 175 So. 633 (1937). In the present case, defendant denied the allegations of plaintiff’s petition at the proper time. This is all that was required to raise the issue of prematurity.
WAS CLAIMANT’S ACTION PREMATURE?
The trial court dismissed plaintiff’s action as premature, finding that claimant was receiving necessary medical treatment and that, standing alone, defendant’s reduction of plaintiff’s benefits was not actionable.
An employee is entitled to recover reasonable travel expenses incurred by him in connection with medical treatment as part of his medical costs. Murry v. Southern Pulpwood Insurance Company, 136 So.2d 165 (La.App. 3 Cir.1961); Walters v. General Accident & Fire Assurance Corp., Ltd., 119 So.2d 550 (La.App. 1 Cir. 1960). However, the failure of an employer to pay such expenses may not be enough to support a worker’s compensation action. This Court has said:
“[T]he test for prematurity in a suit for compensation benefits is not whether there are unpaid medical bills but whether the injured employee has been furnished proper medical attention.” (Citations omitted.)
Andrus v. Employers Ins. of Wausau, 348 So.2d 1337 (La.App. 3 Cir.1977); accord: Sam v. Standard Fittings Company, 389 So.2d 792 (La.App. 3 Cir.1980); Dove v. Liberty Mutual Insurance Co., 379 So.2d 1193 (La.App. 3 Cir.1980); Cooley v. Liberty Mutual Insurance Company, 346 So.2d 1352 (La.App. 3 Cir. 1977); Jack v. Fidelity & Casualty Company of New York, 306 So.2d 806 (La. App. 3 Cir.1975); Moore v. American *199 Motorist Insurance Company, 216 So.2d 674 (La.App. 3 Cir.1968), writ refused, 253 La. 629, 218 So.2d 902 (1969); Dugas v. Houston Contracting Company, 191 So.2d 178 (La.App. 3 Cir.1966); and Billiot v. Liberty Mutual Insurance Company, 168 So.2d 413 (La.App. 3 Cir. 1964).
This broad rule would seem to indicate that, in the present case, plaintiffs suit was premature since she acknowledged that she was receiving all necessary medical treatment. We have examined the cases in which this Court has used the language quoted above or similar language, and find that the facts of those cases do not support such a broad formulation. Although it is true that, in most instances, if an injured employee is receiving proper medical attention a worker’s compensation suit by him would be premature, there are exceptions to this general rule. The case before us represents just such an exception.
In Andrus v. Employers Ins. of Wausau, supra, and the other cases cited above, the failure to pay benefits was either unintentional or, if intentional, based on some legitimate question as to the validity of the employee’s claim. Such is not the case here. The State’s reduction of the rate at which claimant was reimbursed for travel was deliberate, and the reasons for that reduction clearly illegitimate.
Originally, the State undertook to reimburse the claimant at the rate of 19<t per mile for travel connected with her medical treatment. Although it is true that claimant never itemized her travel expenses, this was due to the State’s policy of reimbursing such expenses at a fixed rate. There is no claim that the State ever desired such itemization of expenses. Claimant provided the State with all the information the State required, namely, the number of miles she traveled. The State’s reduction of claimant’s benefits was unrelated to claimant’s failure to particularize her expenses. The State acknowledged that the reduction was solely in response to claimant’s obtaining legal representation.
When the State reduced the rate at which claimant was reimbursed for travel, it acted deliberately and in clear contravention of the spirit and letter of the law. LSA-R.S. 23:1203 requires an employer to provide reasonable medical services and treatment. Whether a claimant is represented by legal counsel is wholly irrelevant. The consideration of such a factor in determining the amount due for travel expenses is arbitrary, at best. At worst, it evinces a conscious effort to thwart one of the purposes of the worker’s compensation statute, for it seems clear that, by providing for the award of attorney’s fees in worker’s compensation actions, the legislature clearly expressed its concern that claimants should have access to legal counsel. With the policy now under consideration, the State administrative machinery penalized those who sought out legal counsel and thereby discouraged claimants from doing so. Nothing could be further from the intent of the law.
The action of the State in reducing the rate at which claimant was reimbursed for her travel expenses was clearly arbitrary. Therefore, plaintiff is entitled to recover not only the travel expenses wrongly withheld, but also penalties and attorney’s fees. LSA-R.S. 23:1201.2. The travel expenses wrongly withheld amount to $34.20. We will set attorney’s fees at $5,000.00.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that claimant, Barbara James Fisher, be granted judgment against defendant, the State of Louisiana, Through the Department of Public Education, in the amount of THIRTY-FOUR AND 20/100 ($34.20) DOLLARS, plus a penalty of 12% of that amount.
IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that claimant is *200 entitled to reasonable attorney’s fees, which are set at $5,000.00.
All costs of these proceedings, both at the trial level and on appeal, are to be paid by defendant-appellee.
REVERSED AND RENDERED.