499 So.2d 1167 (1986)
Johnny WASHINGTON, Jr.
v.
DAN KELLY WAREHOUSE, INC. and American Employer's Insurance Company.
No. 86-CA-344.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
*1168 James G. Derbes, Derbes, Waldrup & Thompson, New Orleans, for plaintiff-appellant.
Suzanne P. Keevers, Jeffrey C. Napolitano, Sutherland & Juge, New Orleans, for defendants-appellees.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
KLIEBERT, Judge.
This is a devolutive appeal brought by Johnny Washington, Jr., plaintiff, from a judgment dismissing as premature his rule for contempt, attorney fees, and penalties against his employer, Dan Kelly Warehouse, Inc., and its workman's compensation insurer, American Employer's Insurance Company, defendants. The rule was brought after the insurer reduced the amount of payments of court-fixed weekly compensation benefits of $180.13 by fifty percent. The defendants contend they had the right to reduce the benefits by fifty percent because Washington failed to cooperate in a State Department of Labor, Office of Worker's Compensation (hereafter Department) recommended rehabilitation program. The trial court concluded the administrative remedies had not been exhausted and therefore the rule was premature. The matter was referred back to the Department. We reverse and remand.
The trial court, based on stipulations of the parties, found Washington to be temporarily totally disabled and on June 27, 1984 fixed the weekly compensation benefits at $180.13 "during his period of disability." On October 25, 1984, Linda Joubert, the insurer's representative managing the case, instituted a voluntary rehabilitation program with Dr. Cornelius E. Gorman. After some preliminary testing and counseling, Washington failed to report for scheduled appointments. Joubert then asked the Department to recommend a rehabilitation program. By letter dated April 17, 1985, the Department informed Washington of the request and instructed him to attend a conference with Dorothy Sullivan & Associates, a vocational rehabilitation firm, to determine the necessity and reasonableness of a rehabilitation program. Washington did not maintain the appointment. Nevertheless, pursuant to LSA-R.S. 23:1226, the Department recommended a rehabilitation program which was accepted by the insurer and apparently tacitly accepted by Washington. He was enrolled in the New Orleans G.E.D. Program and placed on the waiting list for enrollment in the New Orleans Regional Vocational-Technical Institute. In status reports sent to the litigants and the Department, the rehabilitation consultant advised that Washington did not attend most of the G.E.D. classes.
*1169 According to her testimony, in view of Washington's lack of cooperation Joubert contacted the Department by letter (the letter is not of record) stating "the different problems that we were encountering and ask[ing] for a recommendation." She averred that during a subsequent follow-up phone conversation on October 22, 1985 the Department made a verbal recommendation that Washington's benefits be reduced. Although no written recommendation was forthcoming, at the end of October 1985 Joubert reduced Washington's weekly benefits by fifty percent.
On November 22, 1985 plaintiff filed the contempt rule, and in a letter of transmittal enclosing a copy of the rule informed the insurer:
"We deny that Mr. Washington has refused to accept rehabilitation. For the record, Mr. Washington will report for any job interview, training program, educational enrollment or other rehabilitation activity that may be scheduled by you or by any rehabilitation consultant."
As of the date the contempt rule was heard (January 27, 1986) Joubert had made no attempt to reschedule rehabilitation programs. Defendants in brief to this court relate that Washington's benefits were restored to the amount originally set by the court on February 6, 1986, "when Washington resumed cooperation."
The defendants responded to the contempt rule with an exception of prematurity predicated on the argument that reduction of benefits for refusal to participate in the rehabilitation program was a totally new issue for which the plaintiff had yet to exhaust administrative remedies. The trial court sustained the exception, denied the rule for contempt, and referred the matter to the Department.
As we see it, given the procedural posture of the instant case, the issue is not whether the employee was justified in refusing rehabilitation but rather whether the employer or his insurer can unilaterally assess the penalty provided under LSA-R.S. 23:1226 without first obtaining a judicially reviewable ruling from the Department as to whether there was a refusal to accept rehabilitation and the period of time such refusal occurred.
LSA-R.S. 23:1226 provides for the rehabilitation of an employee who has suffered an injury which precludes the employee from earning wages equal to wages earned prior to the injury. Section E of the statute states in part:
"Refusal to accept rehabilitation as deemed necessary by the director or the court shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 12:1221(3) for each week of the period of refusal."
However, the statute neither specifies what constitutes a refusal nor provides a procedure to follow when an application of the penalty is sought.
Plaintiff contends that as the trial court previously rendered a judgment setting the compensation benefits at $180.13 per week the defendants were astricted to petitioning the trial court if they wished to "modify" the judgment. Modification would issue only if the trial court found that plaintiff had refused to accept rehabilitation. Defendants contend Washington's treating physician, Dr. Ronald Kerr, released him to return to work on June 24, 1984 and that the benefits Washington thereafter received were not based on a temporary total disability, but rather, because Washington was entitled to a continuation of benefits pursuant to LSA-R.S. 23:1226(F), which provides:
"Temporary disability benefits paid pursuant to R.S. 23:1221(1) shall include such period as may be reasonably required for training in the use of artificial members and applicances and shall include such period as the employee may be receiving training or education under a rehabilitation program pursuant to this Section."
Defendants argue that the benefits Washington was receiving were not pursuant to the trial court judgment and therefore "any discussion of modification of judgments *1170 is factually and conceptually inappropriate."
Defendants' arguments must be rejected at the outset as they are based on facts outside the record. The alleged release for work by Dr. Kerr is first brought up by the defendants in brief to this court. The doctor's report is not in the record. Although the judgment rendered by the trial court dealt solely with the issue of the amount of compensation plaintiff was to receive per week "during his period of disability," in lieu of trial on the matter the parties stipulated to various facts, including the fact plaintiff was totally, temporarily disabled. There is nothing in the record to indicate the plaintiff's status has changed or that the defendants have sought a redetermination of status pursuant to LSA-R.S. 23:1331.
There is merit in defendants' contention that the propriety of reduction of benefits pursuant to LSA-R.S. 23:1226(E) is a different issue from the original determination of benefits and therefore must first be presented to the Department before it can be addressed by the trial court; however, it was the defendants themselves who subverted this procedural requirement, not the plaintiff.
The 1983 amendments to the worker's compensation statute established the Department, headed by a director, as the initial forum for dispute resolutions. The director serves as an arbitrator and continuing supervisor of compensation matters. Recommendations of the director for resolution of a dispute are advisory only and may be rejected by any party. LSA-R.S. 23:1310.1. It is only when an informal resolution has failed due to rejection of a recommendation that an employee may seek relief in the district court.
In the instant case it was incumbent upon the defendants to procure a finding by the Department that the employee was not adhering to the recommended rehabilitation program and seek the imposition of the penalties. The insurer could not make the decision unilaterally and thus deprive the employee of the right to seek judicial review of the Department's decision. Therefore, the insurer erred in reducing the employee's benefits before obtaining a ruling from the Department. Further, on the record before us we find the employee is entitled to full restoration of benefits deducted during the disputed period.
Accordingly, we reverse and set aside the trial court's ruling maintaining the exception of prematurity and remand the case to the trial court for the holding of an evidentiary hearing on the merits of the employee's rule for contempt, during the course of which the trial court is to fix and order paid the amount necessary to restore to the employee the full compensation benefits which accrued during the period of the dispute. In so ruling, we do not pass on nor is it our intention to prohibit or prevent the employer's insurer from applying to the Department for a determination as to whether there was a refusal to accept rehabilitation and, if so, the extent of and penalty which may be assessed for same by the Department.
All costs of the appeal are to be borne by the defendants.
REVERSED, SET ASIDE AND REMANDED.