560 So.2d 481 (1990)
George W. WILLINGHAM
v.
EMPLOYERS INSURANCE OF WAUSAU and Woodland Services Co.
No. CA 89 0276.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Ferdinand L. Laudumiery, III, New Orleans, for plaintiff and appellee, George W. Willingham.
Teresa C. Leyva, New Orleans, for defendants and appellants, Employers Ins. of Wausau and Woodland Services Co.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
Defendants, Employers Insurance of Wausau and Woodland Services Company (Employers), appeal from a judgment in a worker's compensation case in favor of the plaintiff-employee, George W. Willingham. We affirm.
The plaintiff-employee was injured February 7, 1984, while employed by Timber Realization Company. The Louisiana Department of Labor, Office of Worker's Compensation (OWC), recommended rehabilitation services be provided for the employee. The OWC suggested a gemology course. Neither the employee nor the worker's compensation insurer, Employers, rejected the recommendation.
Plaintiff began the gemology course in late 1985 and progressed well in the beginning. However, by the time of trial in 1988, he had not completed the course. Employers considered the duration of the course to be five months. The employee alleges that he was unable to complete the course for medical reasons and that the suggested course would result in a job he physically could not perform.
Employers made a determination that the employee had refused to accept the services and, based on LSA-R.S. 23:1226(E), reduced the employee's benefits by 50% on October 1, 1986. Another change in benefits *482 was made on November 5, 1987, that resulted in a second reduction.
Plaintiff-employee, Mr. Willingham, filed a petition for worker's compensation benefits on May 18, 1988. Plaintiff complained of the reductions and the failure of Employers to pay. Plaintiff also alleged permanent disability, prayed for benefits during the disability, and asked for attorney's fees. In his petition, however, plaintiff did not allege that he had submitted the claim for compensation to the OWC for informal resolution.
The defendant, Employers, filed a dilatory exception raising the objection of prematurity. Defendant alleged that under LSA-R.S. 23:1314(A) the action was premature. LSA-R.S. 23:1314(A) requires plaintiff to allege a previous submission of the claim for compensation to OWC for informal resolution and that the attempt at resolution has failed.
The trial court treated the petition as two separate claims: (1) for enforcement of the accepted recommendation and (2) for compensation including a determination of disability. The court sustained the exception of prematurity as to the claim for compensation, but ruled that the request to have the recommendation enforced was properly before the court. The sustaining of the exception of prematurity has not been appealed. The only issue before the court was enforcement of the recommendation.
During trial, both sides introduced evidence of plaintiff's medical status. Defendant objected to the plaintiff's evidence as irrelevant to the question of the enforcement of the recommendation. The trial court sustained the objection. However, the trial court did allow medical evidence that it felt was relevant to the issue of plaintiff's reasons for his alleged refusal to accept rehabilitative services.
The trial court held in favor of the plaintiff-employee and ordered that weekly compensation benefits be paid sufficient to restore plaintiff to the level of payment he received before the reductions, "subject to a credit for compensation paid, and to continue during his disability...."
Defendant appeals the judgment. Defendant argues that the trial court erred in finding that the reduction was improper because LSA-R.S. 23:1226(E) allows a 50% reduction based on a refusal to accept rehabilitative services. The defendant, Employers, also argues that the trial court improperly admitted irrelevant medical testimony and that the trial court, in effect, made a determination that the plaintiff was temporarily totally disabled when the question of disability was not before the court.
Plaintiff-employee answers and asks for attorney's fees. The answer, however, was filed untimely and cannot be considered. Arnone v. Illinois Central Gulf Railroad Company, 447 So.2d 61 (La. App. 1st Cir.1984). To be considered timely, the answer must be filed not later than fifteen days after the return day or the lodging of the record, whichever is later. LSA-C.C.P. art. 2133. The return day was February 17, 1989, and the record was lodged on February 21, 1989. The answer was not filed until June 6, 1989.
A conclusive presumption of acceptance arises when a party fails to reject the OWC's recommendation within thirty days of its receipt. LSA-R.S. 23:1310.1. Any time after six months from the date of such an acceptance, a party may apply to OWC for a modification of the recommendation or award. LSA-R.S. 23:1331(C). However, when a claimant does not seek a modification, but rather seeks enforcement of the provisions of the accepted recommendation, no further administrative proceedings are necessary. DeMoss v. A & M Wood Co., Inc., 550 So.2d 720, 722 (La.App. 2nd Cir.1989). See Turner v. Maryland Casualty Co., 518 So.2d 1011, 1016 (La. 1988).
The acceptance of the recommendation by the parties "constitutes a contract or conventional obligation ... because it is an agreement by two or more parties whereby obligations are created." Turner, 518 So.2d at 1016.
Although the acceptance has been recommended or mediated by the director, the acceptance by the parties of a recommendation to pay and to receive compensation *483 creates an obligation or a legal relationship whereby the employer, the obligor, is bound to render a performance in favor of the employee, the obligee. Consequently, this obligation is enforceable by a civil action and may be prosecuted in a court of competent jurisdiction according to the rules of civil procedure. (citations omitted)
Turner, 518 So.2d at 1016.
The recommendation for rehabilitation services by the OWC includes a determination that the employee "has suffered an injury covered by" the Worker's Compensation statute. LSA-R.S. 23:1226(A).[1] Under LSA-R.S. 23:1226(F), an employee undergoing rehabilitation is entitled to temporary total disability benefits during the period of rehabilitation.[2]See also W. Malone & A. Johnson, Workers' Compensation Law and Practice § 291, in 13 Louisiana Civil Law Treatise (Supp.1990); A. Johnson, Bound In Shallows and Miseries: The 1983 Amendments to the Workers' Compensation Statute, 44 La.L.Rev. 669, 713 (1984). A determination of the permanency of the disability cannot be made while the employee is in the program. LSA-R.S. 23:1226(G).
The obligation of the insurer is to pay the benefits as long as the employee is involved, pursuant to LSA-R.S. 23:1226(E), in the rehabilitation program. A determination of whether the employee has refused to cooperate or refused to accept the services so that he should be subject to penalties is a different question. The statute does not specify what constitutes a refusal or provide a specific procedure to follow in requesting a determination as to whether there was a refusal. Washington v. Dan Kelly Warehouse, Inc., 499 So.2d 1167, 1169 (La.App. 5th Cir.1986).
Under the scheme of the Worker's Compensation Act, a request for such a determination or a penalty, in effect a modification of the recommendation, is a determination to be made initially by the OWC. See Washington, 499 So.2d at 1170. Insurers cannot unilaterally reduce payments based on their own determination that the employee is not cooperating with the rehabilitative program or has refused to accept the services. Washington, 499 So.2d at 1170. Conversely, a requested modification by a claimant-employee seeking to change his rehabilitative recommendation must also be submitted initially to the OWC. Any request to the court for a determination that the employee has become permanently totally disabled would also be premature until a determination by the OWC that the employee is no longer employed in the rehabilitation program. LSA-R.S. 23:1226(G).
The role of the court, in these proceedings, is to determine whether there exists a recommendation, accepted by the insurer and the employee, and whether there have been any modifications or requests for modifications. The court must determine the scope of the agreed-upon recommendation. As explained in Turner:
The parties' acceptance of a recommended informal resolution of their dispute regulates only the differences which appear clearly to be comprehended by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and it does not extend to differences which the parties never intended to include.
*484 Turner, 518 So.2d at 1016. (citations omitted)
If the recommendation has been accepted and there are no pending modifications, the recommendation must be enforced. Once the recommendation has been accepted by both parties, the insurer must pay the benefits agreed upon and cannot reduce the benefits based on a unilateral determination by the insurer that the employee is refusing the services. The issue of what constitutes refusal and whether the employee has in fact refused is not a dispute covered by the parties' agreement.[3] Therefore, the parties remain subject to the informal dispute resolution process afforded by the administrative agency. This remedy must be pursued before the dispute may be taken to court. Turner, 518 So.2d at 1016.
The record supports a finding that there was an accepted recommendation wherein the employee received temporary disability benefits and that there have been no authorized modifications of the program nor has the program been properly terminated. The record supports the finding that the employee is entitled to restoration of the deducted benefits.
The insurer, Employers, must procure a ruling from OWC that the employee has refused services from the recommended program and that penalties should be imposed before benefits can be changed. By upholding the ruling that the benefits are to be restored, it is not our intention to prohibit Employers from applying to OWC for such a determination.
Employers complains that the trial court went beyond the scope of the issues by admitting irrelevant medical evidence. The defendant objected to plaintiff's introduction of medical testimony as irrelevant to the enforcement issue. The trial court sustained the objection and would not admit medical evidence to show general disability. The trial court did allow medical evidence it felt was relevant to the plaintiff's reasons for being unable to complete the course timely. The trial court apparently felt it was necessary to determine whether the employee was medically unable to continue the program. Even assuming that the evidence was irrelevant and inadmissible for all purposes, this error was not fatal and was not sufficient to taint the outcome or to interdict the factual findings of the trial court. See McLean v. Hunter, 495 So.2d 1298 (La.1986). It was simply evidence that was unnecessary for the decision on the enforcement issue. The record supports the enforcement of the recommendation and restoration of benefits without the inclusion or consideration of any medical evidence.
Employers argues that the trial court made a determination of disability which was unnecessary to the enforcement of the recommendation. It is true that the only issue before the court was the enforcement of the recommendation. The judgment, however, does not designate the plaintiff permanently or temporarily totally disabled for purposes of compensation. The judgment awards "benefits ... to continue during [plaintiff's] disability." The court's decision maintains the benefits paid under LSA-R.S. 23:1226 with the status designated by Section 1226(F) of temporary total disability. The disability status benefits continue while the employee is receiving training or education or until the program is properly modified or terminated. LSA-R.S. 23:1226(F). Any other interpretation of the wording of the judgment is rejected.
For the above reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to defendant-appellant, Employers Insurance of Wausau and Woodland Services Company.
AFFIRMED.
NOTES
[1] Many sections of the Worker's Compensation law have recently been revised, including Section 1226. However, these revisions do not affect this plaintiff.
[2] Apparently, some rehabilitative services and courses last longer than the maximum fifty-two weeks provided by LSA-R.S. 23:1226(E). The employer is not required to cover the cost of a course or service that lasts longer than fifty-two weeks. A. Johnson, Bound In Shallows and Miseries: The 1983 Amendments to the Workers' Compensation Statute, 44 La.L.Rev. 669, 713 & n. 137 (1984). However, even with a fifty-two week course, it is conceivable that an employee could take longer than fifty-two weeks to complete the course work. The length of the program could also be affected by when the services or course began and what delays in preparation, grading, et cetera, were experienced. LSA-R.S. 23:1226(F) provides for temporary disability benefits during the period the employee is "receiving training or education under a rehabilitative program...."
[3] The recommendation letter from OWC dated June 27, 1985, notes that failure to participate in the program will result in authorization to reduce benefits. The term "authorization" implies a need for action from the proper authority, in this case, the OWC. It does not bring the determination within the scope of the agreement, but rather serves as a notification of the provisions of LSA-R.S. 23:1226(E) to the parties.