BARRY, Judge.
On January 9, 1989 Donald Ray Harris sustained an employment related back injury. In February of 1989 Harris filed a claim with the Office of Workers’ Compensation Administration (OWCA) for benefits from his employer, Boh Bros. Construction Co., Inc. (Boh Bros.). The OWCA issued a recommendation in Harris’ favor which Boh Bros, rejected. On April 7, 1989 Harris filed a petition in district court and the August 2, 1989 trial was continued. On September 11, 1989, Boh Bros, paid all amounts due to Harris and his attorney. On June 18, 1991 counsel for Harris and Boh Bros, filed a joint motion to continue the June 26, 1991 trial without date. Harris’ petition is still pending.[1]
On August 24, 1990 Boh Bros, filed a motion with the OWCA (La.R.S. 23:1226E) *1332 to reduce Harris’ benefits by 50 percent based on his alleged refusal to accept rehabilitation services. An Administrative Law Judge reduced the benefits by 50 percent from February 13, 1990 to September 7, 1990. Harris filed this appeal.
Harris contends that the OWCA lacked authority to render a judgment on Boh Bros.’ “action.” Relying in part on 1989 La.Acts No. 260 § 4(C), Harris argues that this case is controlled by the procedures in effect prior to January 1, 1990, including the district court’s retention of original jurisdiction.
Boh Bros, responds that its “action” to reduce benefits is a separate “claim” from Harris’ original claim for workers’ compensation benefits. Boh Bros, avers that its “action” (filed in August of 1991) is governed by current procedures including adjudication via the administrative hearing officer.
Pursuant to 1989 La.Acts No. 260 § 4(C), “claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.” (emphasis added). Resolution of this jurisdictional issue hinges on interpretation of the word “claims” which is not defined in the Act.
Boh Bros.’ motion sought imposition of a penalty under La.R.S. 23:1226E which provides in part that “[rjefusal to accept rehabilitation as deemed necessary by the hearing officer shall result in a 50 percent reduction in weekly compensation including supplemental earning benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal.”
Rehabilitation services may be deemed necessary in the initial recommendation. Thereafter, a request for such a determination is in effect a request to modify the original recommendation. See Willingham v. Employers Insurance of Wausau, 560 So.2d 481, 483 (La.App. 1st Cir.1990).
Rehabilitation was not a part of OWCA’s original recommendation. Boh Bros.’ motion was an attempt to modify the original recommendation. We find that an application to modify an OWCA recommendation is a continuation of the original claim filed by the employee. Accordingly, the date Harris’ claim was filed determines the applicable procedure.
Harris’ claim was filed with the OWCA in February, 1989 and is pending in district court. Consequently, Harris’ claim and Boh Bros.’ request for a modification are governed by the procedures in effect prior to January 1, 1990.
Under pre-1990 procedures an OWCA recommendation was advisory in nature and either party could bring an action de novo in district court. Moore v. Roemer, 567 So.2d 75 (La.1990). Prior to January 1, 1990, a direct appeal to a circuit court of appeal did not lie from an OWCA recommendation. See 1989 La.Acts No. 454, Section 1310.5 (permitting an appeal from an OWCA recommendation directly to a circuit court of appeal) and 1989 La.Acts No. 260, Section 1 (delaying implementation of that new appellate procedure to January 1, 1990).
This Court lacks jurisdiction to consider Harris’ appeal. This matter is transferred to the district court for its consideration de novo. See La.C.C.P. art. 2162.
TRANSFERRED TO CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.
KLEES, J., concurs.

. The author of the opinion notes that Boh Bros.’ brief states that “[n]othing of any nature whatsoever has been filed with the Civil District Court for the Parish of Orleans since September 11, 1989 settlement.... For the appellant to suggest that the hearing officer heard the penalty dispute or the parties were ‘waiting to try’ the Civil District Court case is simply a misstatement of fact.... There is no evidence in the record below which would support this allegation.” The district court record shows that on October 16, 1990 Harris filed a motion to compel discovery. By verified letter (June 4, 1991) to the trial judge Boh Bros.’ counsel acknowledged the June 26, 1991 trial date and requested a status conference to "streamline the trial which is now set to take place.” On June 14, *1332 1991 Boh Bros.’ counsel filed a Joint Motion and Order of Continuance of Trial without date.
In a response to the Court during oral argument, Boh Bros.’ counsel stated that Harris' benefits had not been reduced. Boh Bros.’ original brief states that "[a]t no time did Boh Bros, reduce those benefits since agreeing to pay such benefits in September, 1989.” By supplemental brief Boh Bros.’ counsel states that "Mr. Harris' workers’ compensation benefits were withheld for a period of time commensurate with the penalty as awarded by the hearing officer.” Conversely, Harris’ counsel maintains that Boh Bros, reduced Harris' benefits by 100 percent from May 24, 1991 to date.