635 So.2d 585 (1994)
Laura THIBODEAUX, Plaintiff/Appellant,
v.
ROBINSWOOD SCHOOL, Defendant/Appellee.
No. 93-1130.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*586 James Edward Burks, Lake Charles, for Laura Thibodeaux.
L. Paul Foreman, Lake Charles, for Robinswood School.
Before DOUCET and THIBODEAUX, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Laura Thibodeaux filed this worker's compensation suit for benefits due after she was injured in a job-related accident on September 26, 1989. Thibodeaux was paid temporary total disability and medical benefits until May of 1992, at which time the employer and worker's compensation insurer, Robinswood School and The Aetna Casualty and Surety Co., determined that Thibodeaux could resume employment and had reached maximum medical benefit. As a result of that determination, Thibodeaux instituted this action. The hearing officer denied the claim for temporary total disability benefits but awarded rehabilitation services under La. R.S. 23:1226. Plaintiff appeals. After considering the law and the evidence submitted in this case, we affirm in part, reverse in part, and render.
Thibodeaux was employed as a trainer at Robinswood School, a school for the mentally retarded. On the day of the accident, a student pulled her to the ground, causing injuries to Thibodeaux's left knee, right elbow, and right shoulder. She was subsequently diagnosed with a cervical injury, and in November of 1989, a laminectomy, a hemilaminectomy, and two foraminotomies were performed on the cervical spine. Thibodeaux's initial recovery period went very well, but she then developed low back pain and a recurrence of her neck pain. At trial, she testified that she has been in continuous pain since this time and gets relief only from medication.
The medical evidence submitted at trial consisted of medical reports from the following physicians: Dr. Litel, the neurosurgeon who performed the 1989 surgery and saw Thibodeaux throughout 1990; Dr. Ford, an orthopaedic surgeon who evaluated Thibodeaux in 1991; Dr. Foster, the neurosurgeon who saw Thibodeaux several times in 1990 and 1992; Dr. Kane, Thibodeaux's family practitioner who has provided ongoing treatment for neck and back pain, diabetes, and other ailments; and Dr. Francis, an orthopaedic surgeon who evaluated Thibodeaux in 1991. Physical therapy notes and a work capacity evaluation were also submitted into evidence.
Dr. Francis recommended further testing of Thibodeaux's condition and tentatively suggested additional surgery in the cervical region. None of the other physicians thought additional surgery would be of any benefit. However, none of the physicians discounted Thibodeaux's complaints of pain and none of them recommended that she return to her former occupation. In fact, the work capacity evaluation specifically stated that she could not perform the duties of her previous occupation.
Dr. Foster's report of April 7, 1992 is the most recent report contained in the record. Essentially, he concluded that Thibodeaux can perform sedentary or clerical work and that further surgery would be of no benefit to her. His final diagnosis or impression was postoperative cervical disc, lumbar strain with nerve root irritation, degenerative arthritis in the neck and back, and diabetic neuropathy. Causative factors for each condition were not addressed.
In awarding rehabilitation services to Thibodeaux, the hearing officer necessarily concluded that she still suffers from the work-related injury of 1989 and, as a result, cannot earn wages equal to wages earned prior to the injury. In an effort to return Thibodeaux to gainful employment, the hearing *587 officer ordered rehabilitation and work hardening services. Based on the testimony of Thibodeaux and the medical evidence included in this record, we affirm the hearing officer's order for rehabilitation and work hardening services.
However, we must reverse his denial of benefits for temporary total disability. Under La.R.S. 23:1226(F), an employee undergoing rehabilitation is entitled to temporary total disability benefits during the period of rehabilitation. See Pierce v. City of Abbeville, 602 So.2d 170 (La.App. 3d Cir. 1992); Willingham v. Employers Ins. of Wausau, 560 So.2d 481 (La.App. 1st Cir. 1990), and authority cited therein. Accordingly, we award benefits for the duration of rehabilitation.
Concerning the evidentiary ruling of the hearing officer in denying Thibodeaux's request to prove an increase of insulin usage post-accident, we affirm. That decision was well within the discretion of the hearing officer and is not reversible in the absence of manifest error.

DECREE
For the foregoing reasons, the judgment of the worker's compensation hearing officer is affirmed in part and reversed in part. That portion awarding rehabilitation services is affirmed while the denial of weekly benefits is reversed. Laura Thibodeaux is hereby awarded temporary total disability benefits for the duration of her rehabilitative period. Costs of this appeal are assessed to defendants.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.