696 So.2d 8 (1997)
Scott JEFFCOAT, Plaintiff-Appellee,
v.
McCANN'S SEAFOOD, Defendant-Appellant.
No. 96-1259.
Court of Appeal of Louisiana, Third Circuit.
May 7, 1997.
*9 Robert Lawrence Beck, Jr., Alexandria, for Scott Jeffcoat.
Paul M. LaFleur, Alexandria, for McCann's Seafood.
Before YELVERTON, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
Scott Jeffcoat filed a workers' compensation claim against McCann's Seafood to recover penalties and attorney fees resulting from McCann's refusal to authorize payment for travel expenses arising from reasonable and necessary medical treatment. The hearing officer found that McCann's refusal to timely guarantee payment for Mr. Jeffcoat's hotel expenses was arbitrary and capricious and assessed $1,000.00 in statutory penalties and $1,500.00 in attorney fees. The employer was also assessed all costs of the proceeding. McCann's appeals this judgment asserting that it is not liable for travel expenses until they are actually incurred. McCann's *10 further argues that it should not be liable for attorney fees because its actions were reasonable under the circumstances.
We affirm the hearing officer's decision for the following reasons.

I.

ISSUES
The issues presented on appeal are whether the hearing officer erred in: (1) finding the employer's failure to timely authorize travel expenses was arbitrary and capricious; (2) awarding attorney fees; and, in the alternative (3) awarding excessive attorney fees.

II.

FACTS
On August 29, 1994, Scott Jeffcoat injured his knee in an accident while employed with McCann's Seafood. McCann's voluntarily paid workers' compensation benefits and medical expenses. When Mr. Jeffcoat's knee was not healing in a satisfactory manner, his treating orthopedist, Dr. Vanda Davidson, referred him to Dr. Michael Brunet, an orthopedic surgeon at the Tulane Medical Center in New Orleans. Dr. Brunet recommended surgery. McCann's insurance company received Dr. Brunet's report and recommendations in April 1995.
Mr. Jeffcoat was scheduled for surgery on June 20, 1995 at the Tulane Medical Center. He was also scheduled for a pre-anesthesia clearance on the afternoon of June 19, 1995 at the Tulane Medical Center. Mr. Jeffcoat notified McCann's of the date of surgery.
In order to receive this necessary surgery, Mr. Jeffcoat needed to travel from his home in Alexandria to New Orleans. Since Mr. Jeffcoat's workers' compensation benefits constituted his income, he could not afford to pay his travel expenses which included an overnight hotel stay. On June 19, 1995, he requested that McCann's either pay for his travel expenses in advance or guarantee payment of his travel expenses. McCann's authorized payment for the mileage traveled by Mr. Jeffcoat, but did not mention authorization of an overnight stay in a hotel.
Mr. Jeffcoat rescheduled his appointment for surgery because he was unable to afford the necessary travel costs involved. In a letter dated October 17, 1995, Mr. Jeffcoat requested advanced payment or authorization of travel expenses associated with his surgery. No response regarding this request was received from McCann's until January 8, 1996 when McCann's stated that it would guarantee payment of the overnight stay in a hotel in New Orleans. Mr. Jeffcoat's claim was filed on November 9, 1995.

III.

LAW & DISCUSSION
An appellate court cannot overturn the factual findings of a hearing officer unless the findings are manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). To find manifest error, an appellate court must determine from the record that no reasonable basis for the findings exist and that the record establishes that the findings are clearly wrong. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). In this case, there is a reasonable basis for the findings of the hearing officer. Those findings are not manifestly erroneous; in fact, they are soundly correct.
McCann's Seafood asserts that authorizing Mr. and Mrs. Jeffcoat's travel expenses in January, 1996, which would have incurred originally in June 1995, was not an arbitrary and capricious act because Mr. Jeffcoat's travel expenses were not due at the time authorization was requested. As McCann's correctly argued in its brief, employers are liable for mileage expenses in a workers' compensation case under La.R.S. 23:1203(C) which states:
In addition, the employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the services, medicines, and prosthetic devices which the employer is required to furnish under this Section.
The hearing officer, however, was not concerned with McCann's liability for payment. Her concern involved McCann's unwillingness *11 to timely provide Mr. Jeffcoat a guarantee for payment of his travel expenses. In the absence of such an authorization of payment, Mr. Jeffcoat's surgery would effectively be denied.
An employee may recover reasonable travel expenses in connection with medical treatment as part of the employee's medical costs. Fisher v. State Through Dep't of Public Education, 478 So.2d 196 (La.App. 3 Cir.1985), writ denied, 480 So.2d 741 (La. 1986). The amount of a hotel bill is recoverable as a reasonable and necessary travel expense if there is no dispute as to the amount involved or the necessity of an employee to stay in a hotel in order to keep a doctor's appointment. Pierce v. City of Abbeville, 602 So.2d 170 (La.App. 3 Cir.1992). When an employee is unable to obtain necessary medical treatment without a guarantee or an authorization of payment from his employer, the employer must furnish such authorization in advance of payment as a part of its duty to furnish medical care. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La. 1981).
Dr. Brunet recommended surgery to treat Mr. Jeffcoat's condition. The surgery was to be performed in New Orleans. Mr. Jeffcoat's workers' compensation benefits were such that he was unable to afford one night in a hotel and transportation to New Orleans. On June 19, 1995, Mr. Jeffcoat, through his attorney, requested that McCann's Seafood approve travel arrangements including an overnight stay in New Orleans. McCann's refusal to timely inform Mr. Jeffcoat of the authorized travel expenses effectively denied Mr. Jeffcoat's surgery on June 20, 1995. No rational basis for the delay in authorizing payment was provided by McCann's Seafood. The hearing officer's finding that McCann's refusal to approve the travel expenses in a reasonable time period was arbitrary and capricious is reasonable based on the information provided in the record.
McCann's Seafood argues that attorney fees were improperly awarded because there were no claims in dispute at the time of the hearing. Mr. Jeffcoat, however, asserts that McCann's Seafood's failure to timely authorize payment of costs associated with Mr. Jeffcoat's necessary medical treatment constituted the dispute in this claim, and thus the award is proper. We agree.
Whether attorney fees are appropriate is a question of fact. An award will not be overturned unless the hearing officer's determinations are manifestly erroneous. Thibodeaux v. L.S. Womack, Inc., 94-1375 (La.App. 3 Cir. 4/5/95); 653 So.2d 123. Louisiana Revised Statutes 23:1201(F) states that failure to provide benefits presented in the workers' compensation statutes will result in the assessment of reasonable attorney fees. We have already determined that the hearing officer's decision finding McCann's failure to timely authorize Mr. Jeffcoat's travel expenses violated La.R.S. 23:1203(C) was reasonable. This violation constitutes a failure to provide benefits in accordance with the workers' compensation statutes. Since the hearing officer's determinations concerning the dispute were proper in this case, her decision to award attorney fees was not manifestly erroneous.
In the alternative, McCann's Seafood suggests that the attorney fees were excessive in relation to the amount of work performed by Mr. Jeffcoat's attorney. An appellate court will not disturb an award of attorney's fees unless the trier of fact abused its much discretion. Bordelon v. Management Co., Inc., 94-472 (La.App. 3 Cir. 1/11/95); 649 So.2d 1070, writ denied, 95-0346 (La.4/7/95); 652 So.2d 1346. Reasonable attorney fees are awarded when an employer does not furnish benefits under the workers' compensation statutes. La.R.S. 23:1201(F). Mr. Jeffcoat's attorney filed the form for a disputed workers' compensation claim, participated in a mediation conference, prepared a pretrial statement, participated in a pretrial conference, tried the case on the merits, researched and wrote an appellate brief, and wrote and sent correspondence to various parties in this case regarding the matter in dispute. The hearing officer did not abuse her discretion in awarding $1,500.00. The amount of the fees awarded were reasonable in relation to the amount and nature of the work performed.

*12 IV.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is affirmed. All costs are assessed against McCann's Seafood.
AFFIRMED.